CHEMICAL  SPECIALTIES  CO.,  Inc.  v.
CIBA PHARMACEUTICAL PROD-
UCTS, Inc.

No. C—2—49.

United States District Court
D. New Jersey.

Oct. 27, 1950.

Rothbard, Harris & Oxfeld, Newark, N. J., for plaintiff.

Grover C. Richman, Camden, N. J., for defendant.

SMITH, District Judge.

This is a civil action under the patent laws and was instituted pursuant to and in accordance with the provisions of the Declaratory Judgments Act, 28 U.S.C.A. § 2201. The issues are those usually arising in an action for patent infringement, to wit, validity and infringement. The plaintiff seeks a declaratory judgment on the said issues and, in addition thereto, "such other and further relief as to the court may seem just and proper." The prayer for further relief is apparently predicated on the charge that the patents in suit are being used illegally in restraint of trade, a charge contained in the second count of the complaint. The defendant's answer contains a counterclaim for patent infringement.

The action is before the Court at this time on the motions of the defendant to compel compliance with the Federal Rules of Civil Procedure, and particularly Rule 26, 28 U.S.C.A. The questions raised by the motions will be separately discussed.

### Motion to Compel Answers to Interrogatories

Pursuant to Rule 30(a) the defendant gave notice to the plaintiff of its intention to take the depositions of its officers at a stated time and place. The officers named therein (except Emerick Somlo) appeared in response to the notice and were examined. These officers, acting on the advice of counsel, refused to answer a number of questions propounded by the defendant. The present motion is to compel the deponents to answer the questions.

It is apparent from the deposition, the original of which is before the Court, that the immediate object of the present examination is discovery. The questions must be examined in the light of this apparent object. The scope of a discovery examination is governed by Rule 26(b), which provides: "the deponent may be examined regarding any matter, not privileged, *which is relevant to the subject matter involved in the pending action,* whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that *the testimony will be inadmissible at the trial* if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." (Emphasis by the Court.)

The plaintiff's opposition to the present motion seems to be predicated upon the contention that the examination should be limited to matters relevant to the issues raised by the pleadings. This contention is without merit and its adoption would defeat the obvious purpose of the rule. The scope of a discovery examination is limited only by the "subject matter involved in the * * * action" as distinguished from the frequently narrow issues raised by the pleadings. The rule permits the discovery not only of evidentiary facts but also of other facts "calculated to lead to the discovery of admissible evidence." The only test prescribed by the rule is relevancy to the subject matter.

The application of the rule was discussed by the Supreme Court in the case of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. It was therein stated, 329 U.S. at page 507, 67 S.Ct. at page 392: "We agree, of course, that the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition'

serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise. But discovery, like all matters of procedure, has ultimate and necessary boundaries. As indicated by Rules 30(b) and (d) and 31(d), limitations inevitably arise when it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry. And as Rule 26(b) provides, further limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege."

We have examined each of the questions to which objection is here made by the plaintiff. There are a number of them which are objectionable only because they do not appear to be relevant to the subject matter; the others are not objectionable. The deponent Louis Manville, president of the plaintiff, will be compelled to answer all of the questions propounded except questions 19, 43, 84, 87, 88, 89, 90, and 91. The deponent Irving V. Sollins, general manager of the plaintiff, will be compelled to answer all of the questions propounded except questions 120, 121, 122, 230, 231, 232, 242, 256, 311, 312, 313, 314, and 315.

### Motion to Compel the Production of Records

■■ The present record discloses that upon examination the deponent Irving V. Sollins admitted that there were in existence and in his possession certain office records of the plaintiff. The defendant now seeks to compel the said deponent to produce these records for inspection. It is our opinion that the defendant misconceives its remedy. The express provisions of Rule 34 cannot be circumvented by an examination of an adverse party under Rule 26.

These rules must be construed in pari materia, but one may not be made to fulfill the function of the other.

■ The deponent who is examined pursuant to Rule 26 is required to disclose the existence and custody of pertinent records but he is not required to produce them for inspection upon oral demand. The production of the pertinent records can be compelled only by a subpoena duces tecum issued under Rules 45(b) and (d) or by an order entered under Rule 34. Each of these rules requires that the pertinent records sought be "designated." Rule 34 further requires a showing of good cause. The limitations embodied in these rules are intended to protect the litigant against embarrassment and oppression. The limitations cannot be circumvented by the simple expedient of an oral demand purportedly made under Rule 26; this rule makes no provision for such a demand.

The motion to compel the production of pertinent records will be denied but without prejudice to the right of the defendant to proceed under the appropriate rule.

### Motion to Produce Persons for Examination

The defendant seeks to compel the plaintiff to produce two witnesses "at a designated place within the District of New Jersey" for oral examination pursuant to Rule 26. The witnesses are Emerick Somlo, a director of the plaintiff, and Paul Somlo, a stockholder of the plaintiff. The motion is opposed by the plaintiff, and in support of its opposition an affidavit has been filed with the court.

■ The witness Emerick Somlo is an officer of the plaintiff and is presumed to have some knowledge of its business affairs. It is our opinion that as an executive representative of the plaintiff he may be compelled under Rule 37(d) to submit to examination pursuant to Rule 26. It appears from the affidavit, however, that this witness is a resident of Mexico. It would be obviously oppressive to compel the witness to appear "at a designated place within the District of New Jersey" especially where, as here, there is an adequate alternative.

The witness cannot successfully avoid examination by staying in Mexico. The defendant may proceed under Rule 31. Subdivision (a) of this rule provides: "A party desiring to take the deposition of any person upon written interrogatories shall serve them upon every other party with a notice stating the name and address of the person who is to answer them and the name or descriptive title and address of the officer before whom the deposition is to be taken." It will be observed that Rule 30(b) vests in the court the authority to order the deposition to be taken "on written interrogatories".

The witness Paul Somlo is not an officer of the plaintiff; at least it does not appear at this time that he is. A mere witness, as distinguished from a party or an officer of a party, may be compelled to submit to examination pursuant to Rule 26, but his attendance may be compelled only by subpoena issued and served in accordance with Rule 45(d). It appears from the affidavit that this witness is also a resident of Mexico.

The motion to compel the plaintiff to produce the witnesses will be denied but without prejudice to the right of the defendant to proceed under the appropriate rule.