## PETROLEUM FINANCIAL CORP. v. STONE et al.

United States District Court
S. D. New York.
April 9, 1953.

Thaddeus G. Benton, New York City, for plaintiff.

Duke & Landis, New York City (Herbert A. Harris, New York City, of counsel), for defendants.

IRVING R. KAUFMAN, District Judge.

This action is based upon breach of a contract executed in New York concerning. Texas oil leases wherein the plaintiff, a Delaware corporation, having an office and place of business in New York, is suing various individuals, non-residents of this state, and citizens of the state of Texas, and also a Texas corporation, not qualified to do business in New York, and not having an office or place of business in this jurisdiction. Service of process has been made in a manner described in paragraph 3 of plaintiff's affidavit of compliance with sections 229 and 229–b of the Civil Practice Act of New York and Rule 4 of the Fed-

eral Rules of Civil Procedure, 28 U.S.C.A., as follows:

"3. On February 10, 1953 Harry J. Caieto, Deputy U. S. Marshal for the Southern District of New York served a copy of summons and complaint in the said action, copies of which are annexed hereto and made a part hereof, on Lee B. Stone, at room 1606 Plaza Hotel, Borough of Manhattan, City, County and State of New York, as agent, managing officer, partner and/or joint venturer of Cockburn Oil Corporation and or H. C. Cockburn, and in the capacity of Executive Vice President of Cockburn Oil Corporation; that he also served a copy of the said summons and complaint on Cockburn Oil Corporation, H. C. Cockburn and Lee B. Stone, doing business as partners or joint venturers by delivering another copy of said summons and complaint to Lee B. Stone at the aforesaid time and place; and that he also served another copy of the aforesaid summons and complaint on Lee B. Stone individually and as agent for undisclosed principal by delivering a copy of the said summons and complaint to Lee B. Stone at the aforesaid time and place. That on said February 10, 1953 Lee B. Stone was in charge of business in which the defendants were engaged within New York State."

Notice and a copy of the complaint were sent by registered mail to H. C. Cockburn, Cockburn Oil Corporation, and Lee B. Stone at the Commerce Building, Houston, Texas.

Four motions are now before the court. In the first two motions, defendants H. C. Cockburn, and the Cockburn Oil Corporation, seek to vacate the service of summons upon them on the grounds that this Court and the courts of this State, are without jurisdiction over said defendants, as they are citizens of a foreign state, not engaged in business in New York. The third motion, also brought by defendants, H. C. Cockburn and Lee B. Stone, seeks to vacate plaintiff's notice of taking of depositions of them in New York City on April 3, 1953.

In a cross-motion, the fourth motion before the Court, contained in the affidavit of T. G. Benton of April 1, 1953, plaintiff seeks pursuant to Rule 34 to have defendants produce certain documents in their possession with respect to the business activities of H. C. Cockburn and the Cockburn Oil Corporation.

It is the contention of the defendants H. C. Cockburn and the Cockburn Oil Corporation, supported by affidavits, that there does not exist between them and the state of New York sufficient contact to warrant finding that they have been doing business here and are therefore subject to this court's jurisdiction. See International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. As the affidavits indicate the Cockburn Oil Corporation does not have an office in New York, a telephone listing, a bank account or any of the various other incidental attributes by which the corporation is normally tied to presence in another state sufficient to confer jurisdiction. There is no allegation that it delivers goods in this state or that the leases pertain to New York properties; no books of account or corporate records are kept here; no meeting of stockholders or directors has ever been held here nor is there any property of the defendant located in this state. [See Bomze v. Nardis Sportswear, 2 Cir., 1948, 165 F.2d 33 in which Judge Learned Hand reviews the New York decisions.] Similarly, the individual defendant, H. C. Cockburn avers that he has been continuously resident in the state of Texas for more than forty years and has never directly or by persons acting in his behalf, acquired any of the above indicia of "doing business" in this jurisdiction.

To support the contention that H. C. Cockburn and the Cockburn Oil Corporation were present in New York through their agent Lee B. Stone, plaintiff, in the affidavit of its president, T. G. Benton, deposes that:

"In December, 1949, Lee B. Stone in the Borough of Manhattan, County and State of New York, appeared at the office of deponent and sought to sell deponent or to cause deponent to be sold *for him, or* H. C. Cockburn *or* Cockburn Oil Corporation, an undivided interest in the oil leases, the subject of the complaint, and other oil and gas leases." (Emphasis supplied.)

There is not, therefore, that degree of assurance necessary, that even in this instance Lee B. Stone was acting as an agent for either H. C. Cockburn or Cockburn Oil Corporation. Plaintiff asserts in its affidavit, on information and belief, that other offers to sell oil leases were made in New York on behalf of these defendants.

But even were it agreed that these isolated business transactions took place in New York by the defendants through their authorized agent, there does not appear, on the facts now before the Court, to be that continuous and systematic conduct of business in New York which is prerequisite to a finding that they are or were "doing business" in this jurisdiction. See International Shoe Company v. State of Washington, supra; Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 115 N.E. 915; French v. Gibbs, 2 Cir., 1951, 189 F.2d 787. Section 229–b which permits the form of service here employed has no application to an isolated contract. Ross v. Ostrander, 1948, 192 Misc. 140, 79 N.Y.S.2d 706. An occasional business visit of an officer of a corporation would not, of itself, warrant the inference that the corporation was present in the jurisdiction. Robins v. Universal Airplane Salvage Corp., Sup.Ct.Kings Co.1949, 88 N.Y.S.2d 123; Rosenberg Bros. & Co., Inc., v. Curtis, 260 U.S. 516, 43 S.Ct. 170, 67 L. Ed. 372.

Plaintiff now seeks by the taking of depositions in New York to obtain further information to support its contention that H. C. Cockburn and the Cockburn Oil Corporation have been doing business in New York but it is unwilling to pay the costs for the deponents to come here from Texas. Even if the costs were to be borne by the plaintiff, it would appear that in seeking the depositions for this purpose, plaintiff is attempting to pull itself up by its own bootstraps. Absent the prior finding that the Cockburn Oil Corporation and H. C. Cockburn were doing business in this state,

through Lee B. Stone, upon whom personal process is served, this Court would be exceedingly reluctant to exercise its discretion under Federal Rule 30(b) to compel parties to come to New York from Texas to determine whether this court in fact has jurisdiction over them. The plaintiff is, of course, at liberty to take such depositions in Texas and while plaintiff's counsel urges that a hostile atmosphere exists there, I refuse to believe that the courts of that jurisdiction would not extend their protection to insure that the plaintiff is not denied whatever rights it has.

With respect to plaintiff's cross motion for the production of documents, described in its notices of depositions, dated March 18 and March 30, 1953, however, counsel for defendants has stated that all or substantially all of these documents are available in New York. This court will, therefore, grant the cross-motion for the production of such documents in New York. The motion of defendants to vacate the services of summonses will be granted unless plaintiff, within 30 days after the entry of the order hereon, submits to the court additional facts supplying the elements of "doing business" not now before me, if such facts be obtained.

Settle order.