Edward L. LANE, Plaintiff,

v.

Catherine L. SMITH and Samuel Weinberg, Defendants.

United States District Court
S. D. New York.
Dec. 16, 1955.

Newman, Aronson & Neumann, New York City (by Mannis Neumann, New York City), for plaintiff.

Rogers, Hoge & Hills, New York City, for Catherine L. Smith.

SUGARMAN, District Judge.

Edward L. Lane, a real estate broker, brought an action in the Supreme Court of New York State against Catherine L. Smith, the owner of premises 692–4–6 Madison Avenue, to recover a brokerage commission allegedly earned when plaintiff and defendant Weinberg, as co-broker, at defendant Smith's request, produced a buyer ready, willing and able to buy the Madison Avenue property on terms and conditions mutually satisfactory to seller and buyer.

The complaint alleges that the defendant Smith agreed to enter into a contract with the buyer, but thereafter wrongfully refused to do so. Demand is made for judgment in favor of plaintiff and defendant Weinberg, as an involuntary plaintiff,[1] in the amount of $7,500.

On petition of the defendant Smith, the action was removed to this court. Service of process in the State court upon the defendant Smith, a resident of the State of California, was attempted to be made pursuant to New York Civil Practice Act, § 229–b, which provides in pertinent part:

"Service of summons on nonresident natural person doing business in this state. When any natural person or persons not residing in this state shall engage in business in this state, in any action against such person or persons arising out of such business, the summons may be served by leaving a copy thereof with the complaint with the person who, at the time of service, is in charge of any business in which the defendant or defendants are engaged within this state, and any summons so served shall be of the same legal force and validity as if served personally on such nonresident person or persons so engaging in business in this state within the territorial jurisdiction of the court from which the summons issues, provided that a copy of such summons and complaint together with a notice of such service upon such person in charge of such business according to the provisions of this section shall be forthwith sent to such nonresident person or persons by registered mail, return receipt requested."

The answer of the defendant Smith alleges:

"The service of process herein upon defendant Catherine L. Smith is insufficient in that she was not served personally within the State of New York and the claim or claims set forth in plaintiff's complaint do not arise out of any business in which she has engaged within the State of New York".

Plaintiff moves "for an order pursuant to Rule 12D of the Rules of Civil Procedure [28 U.S.C.A.] striking out the [said] second defense".

The papers show that the only business transacted in New York by the defendant Smith is her ownership, operation and control of the premises 692–4–6 Madison Avenue managed by her agent, the defendant Weinberg.

1. New York Civil Practice Act, § 194.

Defendant Weinberg's authority under a written contract with defendant Smith is to draw leases for the stores and apartments contained in the premises, to collect and deposit rents and to pay the expenses of operating the property from the income.

Service of process was purportedly effected upon defendant Smith by service of the summons and complaint upon defendant Weinberg as the "person who, at the time of service, is in charge of any business in which the defendant [is] engaged within this state * * *" and by mailing a copy of the process and pleading to the nonresident defendant in California.

In opposition to plaintiff's motion to strike the second defense, the defendant Smith urges that the alleged proposed sale of the property was not such transaction of business within this state as is within the purview of N.Y.C.P.A. § 229–b, inasmuch as the defendant Smith is not in the business of buying and selling real estate in this state and the sale is therefore an isolated transaction to which N.Y.C.P.A. § 229–b does not apply and further, that the defendant Weinberg was not authorized to sell the property for plaintiff, but merely to manage it for her.

The sole issue is whether defendant Smith's alleged undertaking to sell her income producing New York real estate is such an activity "arising out of" the business of owning, operating and controlling that real estate as to make her amenable to service of process under N.Y.C.P.A. § 229–b. I believe that it is. Her contact with the New York forum was continuous and systematic during the entire period of her ownership and operation of the property which on the present record is at least since August 27, 1951 when she hired defendant Weinberg. It was not an isolated transaction such as that dealt with in Petroleum Financial Corp. v. Stone, S.D.N.Y., 111 F. Supp. 351, upon which she relies.

Whether defendant Smith authorized defendant Weinberg to sell her property is a fact which plaintiff must prove. It cannot be now determined on affidavits and must await trial.

Although no cross-motion has been made therefor, defendant Smith's brief asks that "the service of summons in this action be vacated and quashed."

Accordingly, plaintiff's motion to strike defendant Smith's "Second Defense" is granted and defendant Smith's request in her brief that service of the summons be quashed is denied.

It is so ordered.