**BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Enterprise Productions, Inc., and Sunset Securities Co., Plaintiffs,**

v.

**LOEW'S INTERNATIONAL CORPORATION, Defendant.**

United States District Court
S. D. New York.

Jan. 3, 1956.

See also 18 F.R.D. 491.

Phillips, Nizer, Benjamin & Krim, New York City, for defendant.

SUGARMAN, District Judge.

Plaintiffs move "for an order modifying and limiting defendant's notice for the production of documents dated November 2, 1955" (Motion No. 32—December 1, 1955 motion calendar). Said notice is in the usual form advising that "defendant in the above entitled action, will take the deposition of the plaintiffs above named, Bank of America, National Trust & Savings Association, Enterprise Productions, Inc. and Sunset Securities Company, by Thomas C. Deane and Hugo Steinmeir (Vice-President and General Counsel of plaintiff Bank of America), officers, before the Clerk of the above Court."

At the outset while it is noted that no officer, director or managing agent of the defendants Enterprise Productions, Inc. and Sunset Securities Company is named in the notice,[1] the said two plaintiffs not having challenged the sufficiency of the notice on that score, the omission will be ignored.

The notice then asks for the production by plaintiffs upon said examination of a long list of "books, records, papers and documents". It is from this portion that plaintiffs seek relief.

In the supporting affidavit on this motion counsel for plaintiffs states "[t]here is no provision in the Federal rules for such a notice; * * *". With this I agree. Although it has been said that, since the amendment of F.R. Civ.P. 45(d) "designation in the notice to take depositions of the papers desired to have produced is sufficient"[2], it has been held that production of documents upon a deposition may be compelled only

Schwartz & Frohlich, New York City, for plaintiffs.

1. F.R.Civ.P. 26(d) (2), 28 U.S.C.A.

2. 4 Moore's Fed.Prac., 2d Ed., 1053, para. 26.10.

by subpoena duces tecum or motion under F.R.Civ.P. 34.[3]

■ I believe that in the long run more harm than good can come of fictionally treating motions such as this as either (a) a motion to quash a subpoena duces tecum [4] or (b) a motion, by the one serving the deposition notice, for discovery and inspection.[5]

■ In the absence of a subpoena duces tecum or a motion under F.R.Civ. P. 34 the plaintiffs may with impunity ignore that part of the notice requiring the production of the designated documents and are therefore in need of no relief by way of modification thereof.

■ This is so because F.R.Civ.P. 37 (d) imposes no sanction for failure of a party to produce documents called for in a notice to take that party's deposition. "To hold that Rule 26(a) creates a right for which Rule 37(d) creates no remedy imputes to the draftsmen of these Rules carelessness or error, a result which must be avoided if other alternatives suggest themselves."[6]

■ Ascertaining, pursuant to F.R. Civ.P. 26(b) "the existence, description, nature, custody, condition and location of any books" is something quite remote from their production. If depositions are to "be taken only in accordance" with the Federal Rules of Civil Procedure,[7] it does not appear to impose too great a burden to insist that the production of documents at a deposition be sought in a manner recognized by those rules.

Motion denied. So ordered.

3. Chemical Specialties Co., Inc. v. Ciba Pharmaceutical Products, Inc., D.C.N.J., 10 F.R.D. 500.

4. Miller v. Sun Chemical Corp., D.C.N.J., 12 F.R.D. 181.

5. Society of Independent Motion Picture Producers v. United Detroit Theatres Corp., D.C.E.D.Mich., 8 F.R.D. 453.

6. Campbell v. General Motors Corp., D.C. S.D.N.Y., 13 F.R.D. 331, 332.

