BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Enterprise Productions, Inc., and Sunset Securities Co., Plaintiffs,

v.

LOEW'S INTERNATIONAL CORPORATION, Defendant.

United States District Court
S. D. New York.

Jan. 3, 1956.

Producers v. United Detroit Theatres Corp., D.C.E.D.Mich., 8 F.R.D. 453.

6. Campbell v. General Motors Corp., D.C. S.D.N.Y., 13 F.R.D. 331, 332.

7. F.R.Civ.P. 26(a).

 It appears that a subpoena duces tecum pursuant to F.R.Civ.P. 45(d) (1) would now serve no purpose for the extent to which such a subpoena might be used, i. e. "the existence, description, nature, custody, condition and location of [the] books [and] documents"—F.R. Civ.P. 26(b), has been accomplished by testimony already elicited from defendant's officers at depositions already taken.

It is so ordered.

Schwartz & Frohlich, New York City, for plaintiffs.

Phillips, Nizer, Benjamin & Krim, New York City, for defendant.

SUGARMAN, District Judge.

Plaintiffs move "for an order directing defendant to furnish and produce upon the pretrial examination of defendant's officers" certain correspondence, reports, memoranda, communications, other documents and classifications, etc. (Motion No. 33—December 1, 1955 motion calendar).

For the reasons set forth in the decision of a companion motion (No. 32— December 1, 1955 motion calendar) between the same parties the instant motion is denied.  D.C., 18 F.R.D. 489.

As was there pointed out a "deponent who is examined pursuant to Rule 26 is required to disclose the existence and custody of pertinent records but he is not required to produce them for inspection upon oral demand." [1]

This denial is without prejudice to a motion by plaintiffs for discovery and inspection under F.R.Civ.P. 34 showing the requisite good cause.

---

1. Chemical Specialties Co., Inc. v. Ciba Pharmaceutical Products, Inc., D.C.N.J., 10 F.R.D. 500, 502.