Constance P. ANDERSON, individually and as Administratrix of the Estate of Clyde L. Anderson, deceased, and as mother, next friend, guardian and trustee of and for Mary Lou Anderson, Clyde Thomas Anderson, Lynne Anderson, Christian A. Anderson, Anne Anderson, Elaine Anderson, Fay Anderson and Jerome Anderson, infants, Plaintiff,

v.

BRITISH OVERSEAS AIRWAYS CORP., South African Airways and The de Haviland Aircraft Co., Ltd., Defendants.

United States District Court
S. D. New York.
April 26, 1956.

See also 144 F.Supp. 543.

Theodore E. Wolcott, New York City, for plaintiffs.

Haight, Gardner, Poor & Havens, New York City, for defendant de Havilland Aircraft Co., Limited. Douglas B. Bowring, New York City, of counsel.

PALMIERI, District Judge.

This is an action for wrongful death. The decedent, a citizen of Utah at the time of his death, was a passenger on a de Havilland Comet transport plane on April 8, 1954, when it exploded over the Mediterranean Sea. Defendant The de Havilland Aircraft Co., Ltd. (de Havilland), manufacturer of the plane, moves pursuant to Rule 12(b), Fed. Rules Civ.Proc., 28 U.S.C., to quash service of process and dismiss the case against it on the ground that it is not subject to service of process or to suit in New York. See Rule 4(d) (3) Fed. Rules Civ.Proc.; 28 U.S.C. § 1391(c). It also moves under Rules 30(b) and 45 (b), Fed.Rules Civ.Proc., to set aside a notice to take depositions and a subpoena duces tecum through which plaintiff seeks additional information bearing upon jurisdiction.

De Havilland is a British corporation. One of its employees, Mr. Ian Fossett, maintains New York headquarters in the LaGuardia Airport offices of de Havilland Aircraft, Inc. (INC), a Delaware

70

corporation. INC is a wholly owned subsidiary of de Havilland. Mr. Fossett is also the president of INC.

When this action was brought, Mr. Fossett was in England for reasons of health. Service was made upon Mr. Derek Taylor, a "sales demonstration pilot" employed by de Havilland. Mr. Taylor had been sent to this country upon Mr. Fossett's departure and remained, apparently as his substitute, during the latter's absence. Plaintiff served Mr. Taylor at LaGuardia Airport as alleged managing agent of both de Havilland and INC. Service on the Delaware corporation, which does business in New York, was made on the theory that its business and that of its parent were identical. Taylor, however, was not employed by the subsidiary. Subsequent service on Mr. Fossett in March, 1956 was made only in order to assure proper service on INC.

The issues presented by the motion to dismiss were raised before Judge Bondy on identical motions decided in two related cases earlier this year. See State Street Trust Co. v. British Overseas Airways Corp. & The de Havilland Aircraft Co., Ltd. (Baker v. British Overseas Airways Corp. & The de Havilland Aircraft Co., Ltd.,) D.C., 144 F.Supp. 241. On the same evidence now before me, Judge Bondy held that neither the activities of Mr. Taylor nor the relationship between de Havilland and INC were such as to make the British corporation amenable to process within this state.

■ I adhere to the view expressed by Judge Bondy that on the evidence presented, the motion to quash service and dismiss the complaint must be granted.

■ I do not believe that any additional evidence concerning the structure or business of the Delaware subsidiary could affect the conclusion, based on the charts, invoices and affidavits already submitted, that the separation between de Havilland and INC is not fictitious but real. See State Street Trust Co. v. BOAC, supra, and cases cited. The subpoena duces tecum, insofar as it concerns information intended to elucidate this inter-corporate relationship, must be denied. It is burdensome in its detail, and under the circumstances no good cause appears for production.

■ Concerning the nature of Mr. Fossett's activities, however, and their relationship to de Havilland, I believe further inquiry is justified. Judge Bondy found upon the evidence before him that Mr. Taylor, and presumably Mr. Fossett whom he was replacing, acted solely as good will liaison representative between de Havilland and its American purchasers. This determination was based primarily upon the deposition of Mr. Taylor, who testified that he took no orders, solicited no business and made no sales of de Havilland products in this country. Mr. Taylor, however, was only a temporary representative. He conceded his inability to give authoritative information on the activities of his predecessor. Moreover, de Havilland is also represented in this country by a number of traveling technical representatives who did not report to Taylor and of whose work and usual whereabouts he could say little. Under the circumstances, it cannot be said with certainty that additional information might not lead to a contrary conclusion.

On March 9, 1956, prior to the hearing on these motions, plaintiff served copies of a notice to take depositions on the attorneys for the defendant. In addition to the appearance of Mr. Fossett, plaintiff requested the production of three of these technical representatives. Neither Mr. Fossett nor any of the other gentlemen appeared.

■■ Depositions are an appropriate means of ascertaining facts relevant to the issue of jurisdiction. · Urquhart v. American-La France Foamite Corp., 79 U.S.App.D.C. 219, 144 F.2d 542, certiorari denied, 1944, 323 U.S. 783, 65 S.Ct. 273, 89 L.Ed. 625; Petroleum Financial Corp. v. Stone, D.C.S.D.N.Y. 1953, 111 F. Supp. 351; Blair Holdings Corp. v. Rubinstein, D.C.1954, 122 F.Supp. 602. However, in the present posture of this case, it would not be appropriate to

compel the defendant to produce employees from out of the state and bring them to New York. Petroleum Financial Corp. v. Stone, supra. Nor should the defendant be compelled at this time to produce the documents sought in the subpoena duces tecum. Whether or not there is good cause for the production of bank accounts, employment records and other materials relating to any New York activities of de Havilland will become more readily ascertainable after the plaintiff has availed herself of information within the personal knowledge of Mr. Fossett. Plaintiff may examine Mr. Fossett at a date to be set anew by the parties.

The motion to dismiss is denied without prejudice.

Submit order on notice in accordance with this memorandum.