Pelagia **MIKULEWICZ**, as administratrix ad prosequendum of the Estate of Chester Mikulewicz, deceased, Plaintiff,

v.

The **STANDARD ELECTRICAL TOOL CO.**, Defendant.

United States District Court
S. D. New York.

Jan. 3, 1957.

Morris J. Kaplan and Morton Stavis, New York City, for plaintiff.

Evans, Orr, Gourlay & Pacelli, New York City, for defendant.

PALMIERI, District Judge.

Defendant in this wrongful death action has appeared specially and obtained an order for the plaintiff to show cause why there is jurisdiction over its person. In order to argue this point, plaintiff has moved for leave to amend the stay of proceedings in the above order so that it may examine the person served. Plaintiff's motion is granted.

The cause of action arose out of an injury sustained by deceased in New Jersey from one of defendant's machines. Service of process was made upon William J. Holtmeier, President of William J. Holtmeier, Inc., which is the defendant's sales representative in New York.

Mr. Holtmeier's affidavit indicates that his Company similarly represents other firms for the metropolitan New York and northern New Jersey area. The defendant compensates it by commissions based on receipts from the representative's sales of defendant's products.

The affidavit of the President of defendant company indicates that it is an Ohio corporation engaged in the manufacture of machine tools. It has no office and no bank account in New York, none of its officers resides here and it is not licensed to do business in this state. The only connection of William J. Holtmeier with defendant is as its sales representative.

■■ Plaintiff seeks to examine Mr. Holtmeier to learn if defendant has its name on the door of, or has a telephone listing at, his office. Plaintiff seeks also to ascertain the regularity and volume of business the New York representative does for the defendant. This he can do, for depositions are an appropriate means of ascertaining facts relevant to the issue of jurisdiction. Urquhart v. American-LaFrance Foamite Corp., 79 U.S.App.D.C. 219, 144 F.2d 542, certiorari denied, 1944, 323 U.S. 783, 65 S.Ct. 273, 89 L.Ed. 625; Petroleum Financial Corp. v. Stone, D.C.S.D.N.Y. 1953, 111 F.Supp. 351; Blair Holdings Corp. v. Rubinstein, D.C.1954, 122 F. Supp. 602; Anderson v. BOAC, 149 F. Supp. 68.

The stay proceedings of the pending order to show cause are amended to give the plaintiff leave to examine William J. Holtmeier on matters relevant to the issue of jurisdiction over the defendant. Settle order on notice.