### DEEP SOUTH OIL COMPANY OF TEXAS, Plaintiff,

v.

### METROPOLITAN LIFE INSURANCE COMPANY, Texas Gas Corporation, Texas Eastern Transmission Corporation, Russell M. Riggins, John L. Buvens, Frederic W. Ecker, Hugh McConnell and Harry C. Hagerty, Defendants.

United States District Court
S. D. New York.
Feb. 6, 1958.

Philip Handelman, New York City, for plaintiff.

Donovan, Leisure, Newton & Irvine, New York City, for defendants. Roy W. McDonald, George S. Leisure, Jr., New York City, and Charles F. Rice, New York City, of counsel.

DAWSON, District Judge.

The motion and cross-motion in this action raise issues as to the priority of depositions and the place for taking certain depositions.

The complaint alleges a treble damage claim against three corporations and five individuals under the anti-trust laws.

Defendant Texas Gas Corporation has filed motions to quash service and to dismiss the complaint for lack of venue in the Southern District of New York, on the ground that it is a Texas corporation, not found nor transacting business in New York.

The depositions heretofore noticed are as follows:

1. Defendant Metropolitan Life Insurance Company, and certain of its officers who are individual defendants, served notice of the taking of plaintiff's deposition on October 10, 1957. Defendant Texas Eastern Transmission Cor-

poration served notice of the taking of plaintiff's deposition on December 12, 1957. These depositions have been adjourned by stipulations.

2. Plaintiff, by notice dated January 23, 1958, noticed the taking of the depositions of certain of the officers of Texas Gas Corporation and of Metropolitan Life Insurance Company. The depositions are noticed to be taken on March 3, 1958. It is stated in the notice that the depositions will be taken "for the purposes of determining the issue raised by the motion of the defendant Texas Gas Corporation dated December 26, 1957, claiming lack of jurisdiction and improper venue. The depositions are noticed to be taken at the Federal Court House in New York. Two of the persons whose depositions are sought are, respectively, the president and vice-president of Texas Gas Corporation.

■ The defendants urge that they are entitled to priority in the taking of depositions by reason of earlier notices. Ordinarily that would be true, but when depositions are also sought on the issue of venue and jurisdiction, to be used on a motion raising that issue, there is every reason for allowing those limited depositions to be taken promptly, so that the issue of jurisdiction may be determined before parties are subjected to long interrogation on the principal issues of the case. However, in the event that the depositions on issues of venue and jurisdiction are taken first, they should be limited to those issues, so that the witnesses will not be subjected to long examinations on matters that would not be germane if the objection to venue and jurisdiction is sustained. See Blair Holding Corp. v. Rubinstein, D.C.S.D. N.Y.1954, 159 F.Supp. 14.

■ It is therefore directed that priority in taking depositions shall be accorded to those noticed by the plaintiff for March 3, 1958, but that these depositions shall be limited to the matters relating to issues of venue and jurisdiction over Texas Gas Corporation. Upon com-

pletion of these limited depositions defendants will then be permitted to proceed to take the depositions of plaintiff heretofore noticed by the defendants, and not until such depositions are completed shall plaintiff proceed to take the depositions of defendants on any issues other than venue and jurisdiction.

■■ It is urged that the president and vice-president of Texas Gas Corporation, whose depositions are sought, reside in Texas and have places of business there, and that it would be an improper hardship on them to require them to come to New York for the taking of the depositions noticed by the plaintiff. This point is well taken. Ordinarily the proper place for taking the deposition of a corporate defendant through its officers is the corporation's place of business or where the officers reside. Anderson v. British Overseas Airways Corp., D.C. S.D.N.Y.1956, 149 F.Supp. 68; Kurt M. Jachmann Co. v. Hartley, Cooper & Co. Ltd., D.C.S.D.N.Y.1954, 16 F.R.D. 565; Petroleum Financial Corp. v. Stone, D.C. S.D.N.Y.1953, 111 F.Supp. 351. It is therefore directed that the depositions of White and Riggins, as officers of Texas Gas Corporation, be taken at Houston, Texas, rather than New York, New York, and that pursuant to Rule 4(a) of the Civil Rules of this Court the plaintiff advance to the attorneys for the defendants the expense of the attendance in Houston of an attorney for the defendants, such expense to include round-trip transportation, an adequate amount for hotel accommodations and a reasonable counsel's fee not to exceed $100 a day for each day of travel or attendance at the deposition.

■ The motion for taking the depositions of the defendants states on it:

"Said parties are required to produce all relevant books and records, including the corporate minutes of Texas Gas Corporation of 1951 to date."

Such a notice is meaningless; records may not be required to be produced by such a notice, nor is such a notice a mo-

tion for discovery and inspection for which proper cause will have to be shown under Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A. The notice may be ignored. See Bank of America Nat. Trust & Sav. Ass'n v. Loew's International Corp., D.C.S.D.N.Y.1956, 18 F.R.D. 489.

So ordered.