**COMMONWEALTH OIL REFINING COMPANY, Inc., Plaintiff,**

v.

**HOUDRY PROCESS CORPORATION, Defendant.**

**Civ. No. 161-58.**

United States District Court,
D. Puerto Rico,
San Juan Division.

Sept. 10, 1958.

4. Auten v. Auten, supra.

Fiddler, Gonzalez, Guillemard & Rodriguez, San Juan, P. R., for plaintiff.

Cordova & Gonzalez, San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

On June 6, 1958 the defendant filed in this case a "Motion to Dismiss" the Complaint challenging the jurisdiction of this court on the grounds that it "was not and is not subject to service of process" within this district, and that it "has not been properly served with process in this action". The plaintiff has filed "Interrogatories", a "Motion for Inspection of Documents" and "Notices" for taking the depositions of various officers and employees of the defendant in Philadelphia, Pennsylvania, where the defendant has its principal place of business, and in Ponce, Puerto Rico. In connection with these discovery measures, the defendant filed two motions under Rule 30(b), Fed.Rules Civ.Proc. 28 U.S. C.A. to limit the scope of the depositions to be taken by the plaintiff and to prevent or limit the production of documents. The defendant has also filed objections to plaintiff's "Interrogatories".

A hearing on the various motions was held on August 22, 1958. Memoranda of law have been filed by the parties in support of their respective positions. During the course of the hearing, the plaintiff conceded that its discovery measures were aimed at obtaining relevant information and documents which may have a bearing to the issue of whether the defendant is, or has been, "doing business" in Puerto Rico and whether it has been properly served with process in this action. This is the precise issue which has been raised by the defendant through its "Motion to Dismiss".

■ Since International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, followed by McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, in situations like the one under consideration herein, where the defendant, who challenges the jurisdiction of the court, alleges that he has not been doing business within the territory of the forum, wide latitude must be accorded to the plaintiff to es-

tablish that said defendant has had "certain minimum contacts" with said territory "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice", which is all that due process requires to subject such defendant to a judgment in personam, if he be not present therein.

■ And a defendant, thus challenging the court's jurisdiction, has no right to keep its records, personnel and sources of information free from any access by the plaintiff through such reasonable discovery measures as are provided by the FRCP.

To agree with defendant's' position in this matter would amount to shutting all doors to plaintiff to obtain proof of the existence of the "minimum contacts" which are indispensable for supporting an issue as to which said plaintiff has the "onus probandi".

■ The plaintiff's right to utilize the discovery measures provided by the Rules to ascertain the facts having a bearing on the jurisdictional question before the court is well recognized. Davis v. Asano Bussan Co., 5 Cir., 1954, 212 F.2d 558; Mikulewitz v. Standard Elec. Tool Co., D.C., 20 F.R.D. 229; Moore's "Federal Practice", Vol. 4 Sec. 33.16, page 2302. The court, thus, in the light of the above, and being now fully advised, rules upon the various motions and the objections thereto, as follows:

## A

### Notices for Taking of Depositions

■ The defendant, having limited the scope of the depositions to be taken to the discovery of facts relevant to the jurisdictional question, any protective order from this court in regard to the same appears unnecessary. The defendant's motion, therefore, in this respect, is hereby denied.

### "Motion for Production, Inspection and Copying of Documents"

■ For the reasons above given in connection with the taking of depositions and more amply expressed by this court from the bench during the hearing, the defendant's Motion "to prevent or limit the production of documents pursuant to plaintiff's motion" is hereby denied, provided, however, that the documents sought to be inspected or copied, will not include those already in the possession of the plaintiff, nor documents subsequent to May 20, 1958. The plaintiff is, however, entitled to inspect and copy any and all other documents relevant to the jurisdictional question raised by the defendant. In order to facilitate the inspection of certain documents, in view of defendant's contention of the large volume of the same involved, the plaintiff will furnish to the defendant, so far as practicable, a list of the documents already in its possession. The court expects that the parties will work out practical means whereby the defendant will not be put through the burden of furnishing documents, copies of which are in the plaintiff's possession, but which would assure the plaintiff access to all and other documents relevant to the jurisdictional question raised by the defendant.

### Interrogatories and Objections Thereto

■ The defendant's objections to plaintiff's "Interrogatories" are hereby denied, except as follows:

(a) Interrogatories may be answered by any defendant's officers.

(b) The defendant will furnish information up to the date of the service of the Complaint, May 20, 1958,

(c) In connection with Interrogatory No. 2 of Part II, as conceded by the plaintiff during the hearing, the defendant is not required to furnish information in connection with personal property which may have been acquired in Puerto Rico by any of its officers or employees not relevant to the jurisdictional issue before the court, and which by the very nature of the same is considered the personal property of said officers or employees.

(d) Information requested through Interrogatory No. 4 of Part II is to be limited to the name and address of any present or former officer, employee or agent of the defendant known to the defendant to have knowledge of facts relevant to the jurisdictional question raised by the defendant.

(e) Information requested under Interrogatory No. 1 of Part II need not include the breakdown of data on hotel accommodations, but only the total paid for such accommodations.

The defendant will have ten days from the date of this order to answer the "Interrogatories", and the plaintiff will have fifteen days from the date upon which the documents subject to inspection are furnished, for the taking of depositions.