**Julia M. BYWATERS**

v.

**Lloyd K. BYWATERS.**

**Civ. A. No. 86–6973.**

United States District Court,
E.D. Pennsylvania.

Nov. 28, 1988.

---

Esther L. Hornik, Bala Cynwyd, Pa., for plaintiff.

Lloyd Keith Bywaters, Phillipsburg, N.J., in pro per.

Bruce A. Thomas, George A. Heitczman, Bethlehem, Pa., for defendants.

## MEMORANDUM

GAWTHROP, III, District Judge.

Before me is a motion to have plaintiff's expert witness, her treating psychiatrist, Thomas E. Lauer, M.D., deposed over the telephone. The doctor's office is located in North Carolina, over five hundred miles from this courthouse, and counsel asks that there be a video camera running, photographing the doctor in North Carolina while he is being queried by lawyers at the Pennsylvania end of long-distance telephone lines. The reason for the request is that the doctor is deemed an essential witness, and both the plaintiff and the defendant are sufficiently penurious that plaintiff would not only have difficulty mustering the $10,000.00 which Dr. Lauer charges for out-of-state testimony, so also would the transportation costs for all lawyers to go to North Carolina be prohibitive.

Defense counsel has no objection to the telephonic deposition, but does argue that for a witness to be videotaped at the other end of the line, while blind to him, would put him in the difficult position of perhaps missing a facial expression, which, were he in the room watching the witness, would cause him to follow up with additional questioning, so that the video picture the jury would see could be explained by further examination. So also, defense counsel objects on the ground that he may wish to hand certain documents to the witness during the course of the deposition, as part of his cross-examination, and argues that his client's due process rights would be unacceptably attenuated were he deprived of the ability to do that.

Seeking to resolve this practical dilemma in a manner least intrusive upon the parties' respective purses, yet as consistent as possible with due process and in getting the whole of the evidence before the jury which will shortly hear this cause, I think it appropriate, in order to allay defendant's valid visual-demeanor concerns, that the deposition proceed, but without videotape. Rather, it will simply take place over the telephone, with stenographic transcript being made at either end of the line, with a court reporter who can hear all the speakers, either in person or over the wire. As for the request, which I deem legitimate, for counsel to have the ability to hand a witness documents, defense counsel has a suggestion which I think neatly solves the problem with the wonders of modern technology. The deposition of the physician shall take place on a telephone in a room which also has or is immediately adjacent to a facsimile or so-called "fax" machine, and counsel will be in a room, or in separate rooms in a conference call, which, or each of which, shall also have a facsimile machine immediately available. Thus, should counsel wish to in effect hand a piece of paper to the witness, they may do so simply by sending an electronic facsimile which shall arrive in the hand of the witness being deposed very shortly after being put on the machine. This seems reasonably consistent with due process, as well as with Federal Rule of Civil Procedure 30(b)(7)), which allows depositions to be taken by telephone upon stipulation of counsel, or court order. See also: *Jahr v. IU International Corporation*, 109 F.R.D. 429 (M.D.N.C.1986). As Judge Newcomer noted in *Davis v. Sedco Forex*, Civ.A. No. 86–2311 (E.D.Pa.1986) [1986WL13301], "[t]he Rules of Civil Procedure favor the use of our technological benefits in order to promote flexibility, simplify the pretrial and trial procedure and reduce expenses to par-

ties." In *Moncrief v. Fecken–Kipfel America, Inc.,* No. 88–4930, slip op. at 5 (E.D.Pa. June 22, 1988) [1988WL68088], I observed that "[c]ourts should welcome new technologies helpful in presenting a clear picture of the truth." This case is one more step in that worthy direction.

An appropriate order follows.

### ORDER

AND NOW, this 23rd day of November, 1989, it is directed that a telephonic, aural, deposition of Thomas E. Lauer, M.D., augmented by the presence of facsimile or "fax" machines, as more fully described in the accompanying memorandum, shall be permitted to take place.