Anderson v. Century Prods. Co.          CV-95-349-SD  10/24/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Dana Anderson


    v.                                                      Civil No. 95-349-SD


Century Products Company


O R D E R


In this diversity action, plaintiff Dana Anderson asserts various state common law, contract, and tort claims against defendant Century Products Company arising out of defendant's treatment of plaintiff's purported infant carseat/stroller invention.

Presently before the court are (1) plaintiff's motion for leave to take a telephonic deposition of Robert D. Wise, Century's Vice President of Research and Development and (2) plaintiff's motion for enlargement of time.[1]  Defendant has filed a solitary objection addressing both of plaintiff's motions.

---

[1]Plaintiff's request for additional time is directed to defendant's motion to dismiss or change venue, resolution of which is pending the outcome of the instant motions for relief.

## Background

By written complaint filed in this court on July 13, 1995, plaintiff initiated the instant lawsuit against Century, a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in Ohio.

On or about September 15, 1995, defendant filed a motion to dismiss or, in the alternative, transfer venue. Appended to said motion are eight exhibits and a "declaration" executed by Robert Wise.[2] It is this eight-page declaration that has caused plaintiff to seek the court's permission to telephonically depose Mr. Wise and win additional time to properly draft a response to defendant's motion.

## Discussion

### 1. Standard of Review

Defendant correctly notes that "[a]lthough a court considering a motion to dismiss for failure to state a claim is limited to the facts stated in the complaint, the complaint includes any written instrument attached to it as an exhibit and any statements or documents incorporated into it by reference."

---

[2]Said declaration, having been executed according to the dictates of 28 U.S.C. § 1746, shall be treated as an affidavit for the purposes of ruling on the motions sub judice.

2

Paulemon v. Tobin, 30 F.3d 307, 308-09 (2d Cir. 1994) (citation omitted).  Indeed, Rule 10(c), Fed. R. Civ. P., specifically states that "[a] copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes."  See also Orenstein Advertising, Inc. v. New York Times, 768 F. Supp. 1133, 1136 n.3 (E.D. Pa. 1991) (noting effect of Rule 10(c)). The court notes that plaintiff has attached to his amended complaint four exhibits which essentially chronicle the treatment of plaintiff's "invention" by Century's Research & Development group.  See Amended Complaint Exhibits A-D.  As required by the Federal Rules, said exhibits will be treated, for all purposes, as part and parcel of plaintiff's complaint.

However, defendant's pre-answer motion under Rule 12, Fed. R. Civ. P., not only contains exhibits similar to those incorporated into plaintiff's complaint, but also an eight-page declaration executed by one of Century's corporate officers.  See Declaration of Robert D. Wise (attached to Defendant's Motion to Dismiss or Change Venue).  Such document was submitted on Century's behalf in support of its combination Rule 12(b)(3) and 12(b)(6) motion, but in the view of the court the averments contained therein are more directly applicable to the jurisdictional issue than to any alleged failure on the part of plaintiff to state a claim.

3

Although conversion to a motion under Rule 56 is ordinarily required when affidavits and other materials are appended to a motion under Rule 12(b)(6), Fed. R. Civ. P.,[3] the same does not hold when affidavits are submitted to the court in aid of the jurisdictional issue. See, e.g., Intermatic, Inc. v. Taymac Corp., 815 F. Supp. 290, 292 (S.D. Ind. 1993) ("To determine whether the exercise of personal jurisdiction is proper, a court may receive and consider affidavits and other documentary evidence.") (citation omitted); National Gypsum Co. v. Dalemark Indus., Inc., 773 F. Supp. 1476, 1478-79 (D. Kan. 1991) ("Affidavits and other documentary evidence may be submitted for the court's consideration.") (citation omitted).

For the reasons that follow, the court will allow plaintiff to inquire, by medium of telephonic deposition, into the jurisdictional facts alleged in Mr. Wise's declaration and will

---

[3]As that rule, in pertinent part, succinctly provides,

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Rule 12(b), Fed. R. Civ. P.

be further granted additional time to prepare a response to defendant's motion to dismiss or change venue. Because the court will consider the Wise declaration only for jurisdictional purposes, and same will be excluded from any consideration of the merits of defendant's Rule 12(b)(6) argument, the court hereby finds and rules that the motion need not be converted to one for summary judgment.

## 2. Plaintiff's Right to Discovery

"The plaintiff's right to utilize the discovery measures provided by the Rules to ascertain the facts having a bearing on the jurisdictional question before the court is well recognized." Commonwealth Oil Ref. Co. v. Houdry Process Corp., 22 F.R.D. 306, 308 (D.P.R. 1958) (citations omitted). Accord H.L. Moore Drug Exch. Inc. v. Smith, Kline & French Labs., 384 F.2d 97, 97 (2d Cir. 1967) ("when a defendant moves to dismiss for lack of jurisdiction, either party should be permitted to take depositions on the issues of fact raised by the motion"); Central Wesleyan College v. W.R. Grace & Co., 143 F.R.D. 628, 644 (D.S.C. 1992) ("This court may compel discovery to aid its resolution of personal jurisdiction issues"), aff'd, 6 F.3d 177 (4th Cir. 1993); Mikulewicz v. Standard Elec. Tool Co., 20 F.R.D. 229, 230 (S.D.N.Y. 1957) ("depositions are an appropriate means of

5

ascertaining facts relevant of the issue of jurisdiction"); 8 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2009, at 124 (1994) ("it has long been clear that discovery on jurisdictional issues is proper").

Moreover, "a defendant, [who has] challeng[ed] the court's jurisdiction, has no right to keep its records, personnel and sources of information free from any access by the plaintiff through such reasonable discovery measures as are provided by the [Federal Rules of Civil Procedure]." Commonwealth Oil Ref. Co., supra, 22 F.R.D. at 308 (emphasis added). So long as it does not appear to the court that plaintiff is merely seeking to engage "in some frivolous fishing expedition in the sea of jurisdictional proof . . . a district court should ordinarily allow discovery on jurisdiction in order to aid the Plaintiff in discharging the burden of establishing the court's jurisdiction." Central Wesleyan College, supra, 143 F.R.D. at 644 (citing Surpitski v. Hughes-Keenan Corp., 362 F.2d 254 (1st Cir. 1966)) (other citations omitted); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13 (1978) ("where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues") (citations omitted). Cf. Palmieri v. Estefan, 793 F. Supp. 1182, 1186 (S.D.N.Y. 1992) ("If jurisdiction is challenged prior to discovery, the plaintiff may

6

defeat the motion by a good faith pleading of legally sufficient allegations of jurisdiction.") (citation omitted); <u>Monsanto Int'l Sales Co. v. Hanjin Container Lines, Ltd.</u>, 770 F. Supp. 832, 838-39 (S.D.N.Y. 1991) ("While discovery on the question of personal jurisdiction is sometimes appropriate when there is a motion to dismiss for lack of jurisdiction, plaintiffs must first make a threshold showing that there is some basis for the assertion of jurisdiction.") (citation omitted), <u>aff'd without opinion</u>, 962 F.2d 4 (2d Cir. 1992).

Inasmuch as discovery on the jurisdictional issues will lend assistance to the court as it makes its ruling on defendant's motion to dismiss or change venue, either by indicating that this court lacks jurisdiction over the defendant or that jurisdiction is proper but an alternate venue is more appropriate, the court finds that plaintiff's request for discovery is both reasonable and warranted. However, any such discovery conducted should be limited in scope strictly to those facts dealing with jurisdiction, as the necessity for further discovery will be dependent upon the court's determination of the jurisdiction/venue motion. <u>See</u>, <u>e.g.</u>, 4 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 26.07[6], at 26-166 (1995) (common for court to first limit discovery solely to issue of jurisdiction, leaving other discovery until such time as court is certain party

7

involved is properly before court as defendant).

### 3. Method of Taking Discovery Granted

Plaintiff seeks to obtain the requisite discovery by medium of telephonic deposition. The Federal Rules provide for such a discovery means, see Rule 30(b)(7), Fed. R. Civ. P.,[4] and permission for same should ordinarily be granted unless an objecting party will likely be prejudiced thereby or the method employed "would not reasonably ensure accuracy and trustworthiness . . . ." Rehau, Inc. v. Colortech, Inc., 145 F.R.D. 444, 446 (W.D. Mich. 1993) (citing Colonial Times, Inc. v. Gasch, 509 F.2d 517 (D.C. Cir. 1975)).

Although defendant objects to plaintiff's request for limited discovery, such objection is not addressed to the issue of prejudice, but rather that "plaintiff's instant requests potentially serve to delay the resolution of [the motion to dismiss/transfer venue] and to increase costs, without justification." Defendant's Memorandum of Law at 3-4. Such a stated rationale is insufficient to forestall an otherwise permitted discovery request. See, e.g., Jahr v. IU Int'l Corp.,

_____

[4]Rule 30(b)(7), Fed. R. Civ. P., provides, in relevant part, that "[t]he parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone or other remote electronic means."

8

109 F.R.D. 429, 432 (M.D.N.C. 1986) ("the party opposing the telephonic deposition must come forward with a particularized showing as to why a telephonic deposition would prejudice it").

Moreover, given defendant's expressed concern about cost and delay, deposition by telephonic means is the form of discovery best suited to accommodate such concerns. See, e.g., Bywaters v. Bywaters, 123 F.R.D. 175, 176 (E.D. Pa. 1988) ("[t]he Rules of Civil Procedure favor the use of our technological benefits in order to promote flexibility, simplify the pretrial and trial procedure and reduce expenses to parties") (quotation omitted).

The court thus finds and rules that the discovery ordered herein shall proceed via telephonic means. Accordingly, plaintiff's motion to take the telephonic deposition of Robert D. Wise must be and herewith is granted. Said deposition shall take place within thirty (30) days from the date of this order.


4. Motion for Enlargement of Time

Plaintiff's motion for enlargement of time to respond to defendant's motion to dismiss is herewith granted. Plaintiff shall have until 4:30 p.m. on December 15, 1995, to file any and all responses to defendant's previously filed motion to dismiss or change venue.

9

<u>Conclusion</u>

For the reasons set forth herein, plaintiff's motion to take the telephonic deposition of Robert D. Wise (document 9) and motion for enlargement of time (document 8) are granted. Said deposition shall take place within the next thirty (30) days, and plaintiff shall further have until 4:30 p.m. on December 15, 1995, to file any responses to defendant's pending motion to dismiss/change venue.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

October 24, 1995

cc:  Paul M. DeCarolis, Esq.
     Eugene A. Feher, Esq.
     W. Wright Danenbarger, Esq.
     Michael E. Sobel, Esq.

10