**JONES v. DAVEGA STORES CORPORATION et al.**

United States District Court
S. D. New York.
June 22, 1950.

See 186 F.2d 707.

———◆———

L. Stewart Gatter, New York City, for plaintiff.

Archer Scherl, New York City, for Motorola, Inc.

McGOHEY, District Judge.

The action, brought in this court by reason of diversity, seeks damages and injunctive relief because of alleged trade-mark infringement by Motorola, Inc., an Illinois corporation. This foreign defendant moves, under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., (a) to quash service of summons and process on the ground that no proper service was made on it; and (b) to dismiss the action as to it, on the ground that it is a foreign corporation, does not do business in the Southern District of New York and is not and was not subject to service of process here.

Plaintiff claims to have properly served the foreign defendant, by serving an employee of Motorola-New York, Inc., a co-defendant, claiming that the latter is in fact an agent of the foreign defendant. The proofs before me completely contradict that claim. They show that Motorola-New York, Inc., wholly owned by one Nathan Cooper, is a New York corporation which is only one of many independent distributors of the products of Motorola, Inc.; that there is no interlocking directorate between Motorola-New York, Inc. and Motorola, Inc.; and that the latter and its officers, directors and employees have no financial or stock interest in the former. Moreover, the proof shows that the process which it is claimed reached the foreign corporation

was served merely on an employee of the domestic corporation.

Accordingly, the motion is granted. The plaintiff's request for reference to a Master is denied because on the showing before me it would only unfairly harass Motorola-New York, Inc., which the plaintiff seeks to have subjected to investigation. The cases cited by the plaintiff on this point are distinguishable and do not require a different result.

Submit order.