**NOERR MOTOR FREIGHT, Inc. et al. v. EASTERN R. R. PRESIDENTS CONFERENCE et al.**

Civ. A. No. 14715.

United States District Court
E. D. Pennsylvania.

Feb. 13, 1953.

Dilworth, Paxon, Kalish & Green, by Robert McCay Green and Aaron Fine, Philadelphia, Pa., for plaintiffs.

Barnes, Dechert, Price, Myers & Rhoads, by Philip Price, Philadelphia, Pa., for Pennsylvania R. Co.

Arthur Littleton, Philadelphia, Pa., for Joseph A. Fisher, individually and as president of Reading Co.

Lewis M. Stevens and Daniel Mungall, Jr., Philadelphia, Pa., for New York, N. H. & H. R. Co.

Francis J. Myers and Cornelius C. O'Brien, Philadelphia, Pa., for New York Cent. R. Co. and Thomas J. Ross.

Robert T. McCracken, Philadelphia, Pa., for Eastern Railroad Presidents Conference.

Howard Burtt, Philadelphia, Pa., for Baltimore & O. R. Co.

Harry E. Sprogell, Philadelphia, Pa., for Lehigh Valley R. Co.

Ballard, Spahr, Andrews & Ingersoll, by R. Sturgis Ingersoll, Philadelphia, Pa., for Carl Byoir & Associates, Inc.

John G. Williams, Philadelphia, Pa., for Akron, Canton & Youngstown R. Co.

Robert Conkling, of Bleakley, Platt, Gilchrist & Walker, New York City, for Canadian National Rys.

CLARY, District Judge.

The present action was instituted on January 17, 1953 under the anti-trust laws of the United States. The averments are laid under Sections 1 and 2 of the Act of July 2, 1890, 26 Stat. 209, 15 U.S.C.A. §§ 1 and 2, commonly known as the Sherman Act. There are numerous parties both plaintiff and defendant. Generally the complaint charges that a group of railroads acting through an unincorporated Association of Eastern Railroad Presidents, together with one or more advertising agencies, conspired to monopolize transportation in the Eastern section of the United States contrary to the provisions of the Sherman Act. The charges in the complaint are extremely serious in character, involving charges of bribery of public officials and bribery of members and officials of certain well-organized civic and industrial organizations. On January 19, 1953 the plaintiffs presented a motion to this Court to take the depositions of thirteen witnesses, all of whom are either officials of or employees of certain organizations which the plaintiffs allege were involved in the illegal conspiracy. From the allegations of the complaint it is readily apparent that these witnesses would have knowledge of the conspiracy as alleged if it exists or ever existed. The plaintiffs contend that this conspiracy, originating in 1949, is a continuing conspiracy and that unless prompt discovery is granted as to illegal activities, past and present, irreparable harm may result to the named plaintiffs and others situated in a like status. Based on these representations an order was issued ex parte on the 19th day of January and before service of process had been effected on any of the defendants to take the depositions of the named witnesses on February 2 or one week subsequent to the date of service of process on all residents of Pennsylvania upon whom service of process could actually be made. The Pennsylvania Railroad Company on January 27 moved for a postponement of the depositions and on January 28 an order was entered postponing the taking of depositions from February 2 to February 17, 1953. Thereafter, eighteen of the other defendants moved to stay the taking of depositions pending the disposition of some twenty-nine motions either to dismiss or to quash service of process.

The primary objections to the taking of the depositions at this time is that it would impose a hardship on many of the defendants to be compelled to attend and participate in the taking of the depositions when eventually as a result of the motions to dismiss or quash service they may be eliminated as parties defendant. A further reason advanced is that the parties defendant and their counsel have not had an opportunity to familiarize themselves with the facts involved in the proceeding. A third suggestion is made by Carl Byoir and Associates, Inc. that in the event the taking of the depositions should not be postponed that the scope of examination of its officers and employees be limited to activities within the past fourteen months or, in other words, limited to events subsequent to the veto of the "big truck" bill by Governor Fine in January of 1952.

As stated above, the record at this time indicates rather clearly that if the alleged conspiracy exists presently or existed in the past three years, the thirteen persons whose testimony is sought to be taken would have knowledge of facts material to the claims upon which plaintiffs' complaint is based. There has been no showing that any of the witnesses are not available or that it would impose any hardship upon any one of them to attend the depositions. The plaintiffs here, in addition to the reasons assigned in the motion for the prompt taking of depositions, have alleged at oral argument that one of the defendants has destroyed a great many of the records which would have shown the existence of the conspiracy charged in the complaint and the said defendant sent out to other de-

fendants instructions to destroy similar records which would also have tended to prove the alleged conspiracy. The contention was made that if the depositions are not permitted to go on as scheduled, further destruction of records may take place.

Bearing in mind that the fundamental purpose of the discovery rules is to bring to light facts bearing upon the issues involved in any particular case, and balancing the equities involved, it appears to me that the inconvenience to some of the defendants which may be involved by proceeding with the depositions at this time is more than off-set by the showing made by the plaintiffs of the necessity of proceeding promptly. As to the contention of the defendants that there is apparent undue haste in the taking of these depositions, the order of the Court of January 28 postponing said depositions to February 17 amply protected any defendant desirous of attending the depositions and afforded an opportunity to defendants and counsel to familiarize themselves with the issues involved.

The final contention that the scope of the examination of the witnesses connected with Carl Byoir and Associates, Inc. should be limited to the past fourteen months is not in my opinion well-grounded. It is rather difficult to conceive that if the conspiracy alleged in the complaint actually existed that the witnesses sought to be questioned would not have immediate and accurate knowledge of the facts surrounding the events constituting the conspiracy. Plaintiffs contend and properly so that the events constituting the alleged conspiracy beginning in 1949 would be an integral part of and a very necessary factor in establishing the alleged illegality of acts committed in the past fourteen months. Consequently, no order of limitation as requested will be issued.

An order will be entered denying the present motions to stay the taking of depositions on February 17, 1953.