**BLAIR HOLDINGS CORPORATION,**
Plaintiff,

v.

**Serge RUBINSTEIN, Norfolk Insurance Company, Inc. and Virgil D. Dardi,**
Defendants.

United States District Court
S. D. New York.
June 28, 1954.

See also, 133 F.Supp. 496.

Cahill, Gordon, Reindel & Ohl, New York City, for plaintiff.

Rosenman, Goldmark, Colin & Kaye, New York City, for defendant Dardi.

Edwin B. Wolchok, New York City, for defendants Rubinstein and Norfolk Ins. Co.

DAWSON, District Judge.

In this action for rescission of contract and damages which was started on May 12, 1954 by service of a summons and complaint on the defendant, Serge Rubinstein, two of the defendants brought on a notice of motion on May 19, 1954 contesting the jurisdiction of the Court. Serge Rubinstein sought an order dismissing the action on the ground that this Court does not have jurisdiction over the subject matter thereof. The defendant, Norfolk Insurance Company, Inc., appearing specially, sought an order to quash the service of the summons upon it on the ground that it is a foreign corporation not doing business in New York and, therefore, not subject to service of process in this District. The third defendant apparently has not contested the jurisdiction of this Court.

While the motions objecting to the jurisdiction of the Court of two of the defendants were pending undetermined

before Judge Edelstein, the plaintiff served notice of the taking of depositions of Serge Rubinstein and Norfolk Insurance Company, Inc., and of eight other persons not parties to the action. Thereupon, the defendants Serge Rubinstein and Norfolk Insurance Company, Inc., by order to show cause, sought an order directing that the depositions shall not be taken, and vacating and setting aside, without prejudice, plaintiff's notices for taking depositions. This is the motion which is before me for determination.

Judge Edelstein has, on June 24, 1954, entered a memorandum decision, D.C., 122 F.Supp. 602, in which he directs that the motions of Serge Rubinstein and Norfolk Insurance Company, Inc. contesting the jurisdiction of this Court shall be held in abeyance, pending the taking of depositions of these defendants by the plaintiff, on the ground that the trial of the issue of jurisdiction by affidavits is unsatisfactory and that the plaintiff should have an opportunity to prove the jurisdictional fact by discovery proceedings.

The plaintiff, in its papers before me, has urged that it should have the right to take the depositions, both of the parties and witnesses, for the purpose of developing facts useful in opposing the jurisdictional motions. The plaintiff also urges that it should have the right to take depositions generally and on all subjects, despite the pendency of undecided preliminary jurisdictional motions.

■ The right of a party to take depositions to secure information bearing on the question of jurisdiction, when that issue is before the Court, seems to be unquestioned at the present time. Urquhart v. American-La France Foamite Corp., 79 U.S.App.D.C. 219, 144 F.2d 542, certiorari denied 323 U.S. 783, 65 S.Ct. 273, 89 L.Ed. 625; 4 Moore, Fed. Prac. 1046–1047.

■■ While the Court, upon proper showing, may, in its discretion, allow depositions to be taken generally even though some of the parties to the action are contesting the jurisdiction, Noerr Motor Freight, Inc., v. Eastern R. R. Presidents Conference, D.C.E.D.Pa.1953, 14 F.R.D. 189, it would seem that the discretion of a Court should not lightly be exercised to allow this result to be reached. Where two of the principal defendants are contesting the jurisdiction of the Court, and this issue is as yet undetermined, it would seem to present the possibility of oppression of such parties to compel them to participate in the taking of what might be lengthy general depositions when the very right of the plaintiff to bring them into Court in this District is still undetermined. No facts have been shown by the plaintiff in the moving papers which would indicate that it will be prejudiced in securing any necessary evidence if the taking of depositions generally is postponed until the issue of jurisdiction as to two of the principal defendants is determined.

Accordingly, the motion of the defendants Serge Rubinstein and Norfolk Insurance Company, Inc. is granted to the extent of directing that depositions heretofore noticed by the plaintiff shall not be taken on any issue, except that as to the jurisdiction of the Court over such defendants, and is denied to the extent of allowing the plaintiff to take any or all of the depositions already noticed but limited to the jurisdictional issues. This determination is, of course, without prejudice to the right of the plaintiff to take such depositions as it may be entitled to take on the issues generally after the issue of jurisdiction is determined. Submit order prior to 4:00 P.M. on June 30, 1954.