**RIVER PLATE CORPORATION,**
Plaintiff,

v.

**FORESTAL LAND, TIMBER AND RAIL-WAY CO., LTD.;** La Forestal S.A. de-Tierras, Maderas y Explotaciones Commerciales e Industriales; the Olson Importing Company, Inc.; Barkey Importing Co., Inc.; Michael Lees; James M. Cavanaugh; Protan S.R.L.; Herman J. Landauer; Carl O. Olson, Richard Olson and Richard S. Turner, individually and doing business as Olson Importing Company, a partnership; Jacob A. Barkey and George F. Taylor, Defendants.

United States District Court
S. D. New York.

Aug. 4, 1960.

Guggenheimer & Untermyer, New York City, Harry Hoffman, Marvin E. Pollock, New York City, of counsel, for plaintiff.

Cleary, Gottlieb, Steen & Hamilton, New York City, Leo Gottlieb, New York City, of counsel, for defendants Forestal Land, Timber and Railways Company, Ltd. and La Forestal S.A. de Tierras, Maderas y Explotaciones Commerciales e Industriales.

Rosenman, Goldmark, Colin & Kaye, New York City, Seymour D. Lewis, Asa D. Sokolow, Gilbert S. Edelson, New York City, of counsel, for defendants Barkey Importing Co. Inc., Jacob A. Barkey and Protan S. R. L.

Emmet, Marvin & Martin, New York City, for defendants Olson Importing Company, Inc., Olson Importing Company, a Partnership, Carl O. Olson and Richard Olson, and Richard S. Turner.

FREDERICK van PELT BRYAN, District Judge.

This is a private anti-trust suit alleging a conspiracy to monopolize trade and commerce in quebracho and wattle extracts used in the tanning of leather, in violation of the Sherman, Clayton, and Wilson Tariff Acts, 15 U.S.C.A. §§ 1, 27, 44. Broad injunctive relief and damages in the sum of $3,600,000 are sought.

Plaintiff River Plate Corporation is a Delaware corporation. The fourteen defendants named include eight which appear to be residents of foreign countries. Service of process has been made on most of the domestic defendants. Plaintiff also claims to have effected service on The Forestal Land, Timber and Railway Co. Ltd., a United Kingdom corporation, (Forestal London) and La Forestal S.A. de Tierras Maderas y Explotaciones Commerciales e Industriales, an Argentine corporation, (Forestal Argentina) by serving defendants Barkey Importing Co. Inc. (Barkey), The Olson

Importing Company, Inc. (Olson) in this district, and James M. Cavanaugh in New Jersey, as agents of these defendants. Defendant Protan S.R.L. (Protan), an Argentine entity claiming to be a limited partnership, is also claimed to have been served by service on defendants Barkey and Olson as its agents.

Defendants Forestal London, Forestal Argentina and Protan have moved, pursuant to Rule 12(b), F.R.Civ.P., 28 U.S.C.A., to quash service of process and to dismiss the complaint as to each of them on the grounds that they are not amenable to service of process here and that service was not effected on persons on whom service could be made on their behalf under Rule 4(d), F.R.Civ.P., or authorized to receive service for them.

Plaintiff opposes these motions and has cross-moved to hold the motions in abeyance until it has had the benefit of discovery and has taken depositions here and abroad. Motions previously made by plaintiff for the issuance of letters rogatory to take depositions in England and Argentina are also now before me. In addition, plaintiff has served notices to take various depositions in this country which have not yet proceeded pending decision of the motions before me.

The first question is whether the motions to dismiss for lack of in personam jurisdiction over the two Forestal defendants and Protan should be determined on the merits at this time, or whether such motions should be held in abeyance pending the taking of depositions by plaintiff in an attempt to elicit facts to sustain jurisdiction. There is a subsidiary dispute as to whether such depositions, if allowed, should be confined to jurisdictional facts only or should also cover the merits. Defendants Olson and Barkey, concerning whom there is no jurisdictional question, contend that depositions of plaintiff on the merits which they have already noticed have priority and should be permitted to proceed without delay before plaintiff examines them.

The three defendants contesting jurisdiction contend that the affidavits and documents which they have submitted clearly establish that they are not inhabitants of nor may they be found in this district or in any district in the United States within the meaning of Section 12 of the Clayton Act, 15 U.S.C.A. § 22. They say that plaintiff has wholly failed to meet its burden of sustaining jurisdiction and that they have demonstrated that depositions would be fruitless on that subject. They urge that they have so conclusively established that they cannot be "found" within the districts in which service was made that plaintiff should not be permitted to take any depositions at all and that they are entitled to a dismissal of the complaint as to them without further ado, relying on such cases as Jones v. Davega Stores Corp., D.C.S.D.N.Y., 10 F.R.D. 434, affirmed sub nom. Jones v. Motorola, Inc., 2 Cir., 186 F.2d 707; Kilpatrick v. Texas & Pac. Ry., D.C.S.D.N.Y., 72 F.Supp. 635, 638, reversed 2 Cir., 166 F.2d 788, certiorari denied 335 U.S. 814, 69 S.Ct. 32, 93 L.Ed. 369; and Newmark v. Abeel, D.C.S.D.N.Y., 102 F.Supp. 993.

But in the area of jurisdiction in personam generalizations are not particularly helpful and each case must be judged on its own facts. Lightner v. Pilgrim Paper Corp., D.C.S.D.N.Y., 152 F.Supp. 504; Pickthall v. Anaconda Copper Mine Co., D.C.S.D.N.Y., 73 F.Supp. 694.

I will not attempt to discuss in detail the voluminous affidavits before me, nor the checklist of facts which defendants say should be determinative of whether they can be found here. It may be noted, however, that the affidavit submitted by the plaintiff, liberally viewed, presents at least some facts which call into question what the defendants claim the facts to be with respect to their activities here within the last few years.

In any event, as helpful as a checklist of activities which are customarily viewed as bearing on the question of corporate presence within the jurisdiction may be in the usual case, it is not of controlling significance here. Even in the run-of-the-mill case the checklist approach is not necessarily determina-

tive of the jurisdictional question. For example, as I have noted, such matters as bank accounts, listing in telephone directories and office space "are merely additional factors to be taken into account and are in no way controlling." Ostow & Jacobs, Inc. v. Morgan-Jones, Inc., D.C.S.D.N.Y., 178 F.Supp. 150, 154.

The case at bar is not the usual case.

Here, the Forestal defendants candidly state that they have arranged their affairs so that they will not be "found" in the United States for purposes of suit. Changes in such arrangements were made after a prior anti-trust suit had been brought against them which was settled. The Forestal defendants carefully reworked their agreement with their distributors Barkey and Olson and with defendant Cavanaugh with the object of withdrawing from the jurisdiction, if, in fact, they were ever here. The agreements with Barkey and Olson now in force on their face indicate that these distributors are independent contractors who have no agency relationship with the Forestal companies or Protan, and that Cavanaugh has presently no direct relationship at all with the Forestal corporations. How different the relationships were prior to these changes in arrangements is by no means clear.

Plaintiff contends that depositions will establish that the formal arrangements do not show the present true relationship between Barkey, Olson and Cavanaugh and the Forestal defendants, and that a prior relationship subjecting defendants to jurisdiction persists. They contend further that concealment of such relationship is a part of the conspiracy to restrain commerce which is the gravamen of the complaint.

The Forestal defendants urge on the other hand that the best plaintiff has done up to now is to suggest that they may have been present here a year or two before service was attempted in this case. They point out that prior presence in the jurisdiction, standing by itself, will not ordinarily serve to sustain service of process and that corporate defendants are at liberty to withdraw from a jurisdiction if they so desire.

However, the fact that there may have been prior activities sufficient to constitute presence in the jurisdiction is at least an indication that a motion to dismiss for lack of jurisdiction should not be determined on affidavits alone, but that plaintiff should be afforded an opportunity to explore the question of whether such activities have in fact continued and whether the service is valid. It has been held error under such circumstances to grant a motion to dismiss for want of jurisdiction without affording plaintiff an opportunity to explore the facts. Monteiro v. Sociedad Mar San Nicolas, S.A., 2 Cir., 254 F.2d 514

Here, the fact that the prior anti-trust action was settled indicates that there was at least a real question as to whether Forestal defendants were present here when that suit was brought. Whether that question still remains should not be determined without giving plaintiff an opportunity to go into the facts.

Moreover, the desirability of a somewhat liberal approach to the question of jurisdiction under Section 12 of the Clayton Act is indicated by the guarded dictum in United States v. Scophony Corp., 333 U.S. 795, 816–817, 68 S.Ct. 855, 92 L.Ed. 1091. Without considering at this stage the implications of the Scophony case it at least points to the desirability of a rather full exploration of the facts with respect to jurisdiction in anti-trust cases.

Whether or not depositions should be permitted on such a motion as this is a matter of discretion, as the Forestal defendants readily concede. In my view under the facts and circumstances in this case discretion should be exercised so as to give plaintiff an opportunity to take depositions as to jurisdictional facts. 4 Moore, Federal Practice, (2d ed.) pp. 1046–47. The decision of the motions made by the Forestal defendants will be held in abeyance pending the taking of such depositions.

■ There is less before me to support jurisdiction over the defendant Protan than over the Forestal defendants. Whether the defendant has shown sufficient to justify the taking of depositions on the jurisdictional question is not free from doubt. However, it appears that Protan concededly plays a part in the dealings between Forestal Argentina and Barkey. In view of this, and of the somewhat obscure relationships between those alleged to be a part of the Forestal complex of companies operating in many quarters of the globe, it would be unwise to determine the Protan motion to dismiss on jurisdictional grounds before the depositions on the jurisdictional question have been taken and the motions of the Forestal defendants are ready for decision. I will therefore, in the exercise of my discretion, also permit the taking of depositions on the question of jurisdiction over Protan and also hold the Protan motion to dismiss for want of jurisdiction in abeyance pending the completion of depositions.

The next question is the extent to which plaintiff will be permitted to go on such depositions.

■ Despite the earnest protestations of plaintiff that it should be permitted to examine the Forestal defendants, Protan, the American defendants and a number of witnesses on all phases of the case at this time, I am not persuaded that it should be allowed to do so. The threads upon which the plaintiff presently bases its claim of jurisdiction are slender against the Forestal defendants and even more slender against Protan. If the moving defendants are right in their claim that they are not to be "found" within the jurisdiction, it would be grossly unfair to subject them to examination as parties and to force them to disclose private and confidential material with respect to their business practices. Although the complaint alleges classic violations of the Anti-Trust Acts, if this court has no jurisdiction over the moving defendants they should not be placed in the position of being forced to disclose details of transactions which

may be entirely lawful under foreign law.

Moreover, if jurisdiction is found to be lacking, the moving defendants would have been put to a heavy and entirely unjustifiable burden and expense, not only on the depositions taken of them as parties but on the depositions of the other defendants and of the proposed witnesses. The moving defendants would doubtless be forced for their own protection to participate in any general examination on the merits, a burden which would be quite unnecessary if the jurisdictional question were decided in their favor.

■ The plaintiff's plea that heavy burden and extra expense would be entailed if it were required to take one set of depositions on the question of jurisdiction and another set on the merits should jurisdiction be sustained, is far outweighed by the prejudice to the moving defendants which would result from enlarged examinations at this time. After all the burden is on the plaintiff to establish jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Holland v. General Motors Corp., D.C.S.D. N.Y., 75 F.Supp. 274, affirmed sub nom. Battaglia v. General Motors Corp., 169 F.2d 254, certiorari denied 335 U.S. 887, 69 S.Ct. 236, 93 L.Ed. 425. On the present record there is grave doubt as to whether plaintiff can sustain its burden. Confining such depositions to jurisdictional facts in cases like this is now common practice and such practice will be followed here. See, e. g., Blair Holdings Corp. v. Rubinstein, D.C.S.D.N.Y., 159 F.Supp. 14.

I consider that the issues as to jurisdiction have been defined by the voluminous papers submitted on these motions. These issues are confined to whether or not the Forestal defendants can be found here through their alleged agents Barkey, Olson and Cavanaugh and whether or not Protan can be found here through its alleged agents Barkey and Olson. The depositions will be strictly limited to such issues. The peri-

od of time to be covered will be limited to the three years immediately prior to February 4, 1960, the date when service is claimed to have been effected in this action. It is the relationship between the defendants and their respective alleged agents and any other activities which they carried on within the Southern District of New York in connection therewith during this period which is the subject matter of the examination, and nothing else.

I recognize that spelling out limits of the depositions is difficult and troublesome. Such limits will be appropriately defined in the letters rogatory to be issued pursuant to order of the court. The subject matter to be covered in the depositions to be taken by plaintiff in this country will be similarly limited in orders to be entered pursuant to this decision. Since counsel are more familiar with the problems likely to be encountered than the court can be, both sides will frame and submit such limitations and restrictions as they deem appropriate.

■ I have noted that defendants Barkey Importing Co. Inc. and Jacob A. Barkey, and The Olson Importing Company, Inc., the individual Olson defendants and the members of the Olson partnership have noticed depositions to be taken of the plaintiff prior to the depositions which the plaintiff now seeks to take. No motions were made by plaintiff to vacate or modify defendants' notices. Indeed, there is a stipulation between counsel for plaintiff and counsel for Barkey, approved by order of the court, specifically providing that their depositions shall proceed first. The right to priority of depositions is of considerable importance to these defendants, particularly since it is probable that some overlap between the question of jurisdiction and the merits will occur during the course of plaintiff's examinations. Moreover, these defendants assert that they can establish by such depositions that plaintiff is not entitled to maintain the action against them. I see no reason why they should lose the priority of examination to which they are entitled

merely because plaintiff has become involved in a dispute as to jurisdiction with other defendants. The defendants not contesting jurisdiction who have served prior notices to take depositions of the plaintiff on the merits may proceed to do so at a date to be agreed upon by counsel or fixed by the court.

The depositions to be taken by the plaintiff of the defendants who have noticed deposition on the question of jurisdiction will not commence until after the completion of the defendants' depositions of the plaintiff. Counsel for the Forestal defendants and for Protan may attend such depositions if they so desire but shall not participate in them until their status as parties has been determined. They may, of course, take their own depositions of the plaintiff in due course if it should be found that the court has jurisdiction over them and that they are parties to the action.

When defendants' depositions of plaintiff are completed the depositions to be taken by the plaintiff of the defendants who do not contest jurisdiction will proceed within a reasonable time thereafter to be agreed upon by counsel or fixed by the court.

When the plaintiff's depositions have been completed plaintiff may submit to the court upon ten days' notice to defendants such additional facts as it relies upon to support its claim of jurisdiction. The Forestal defendants and Protan may then submit such additional facts, if any, as they desire in support of their motions to dismiss for want of jurisdiction. Presumably the jurisdictional question will then be ripe for decision and appropriate arrangements for a hearing on the questions presented can then be made.

■ There remains the question as to the terms upon which the depositions under letters rogatory may be taken in England and Argentina. It seems to me impractical to have such depositions taken by written interrogatories as the Forestal defendants suggest. The depositions will be taken by oral examination

under letters rogatory in accordance with the appropriate procedures upon such letters in England and Argentina.

Plaintiff urges that the moving defendants can be adequately represented by local counsel upon such examinations. This strikes me as naive to say the least. Counsel in Argentina, and even English counsel trained in the common law, would, I am sure, find our theories of jurisdiction elusive and jurisdiction is the subject matter of the examinations.

The moving defendants are entitled to be represented by American counsel at the taking of such depositions abroad as may affect them, and the plaintiff will be required to pay in advance the expenses of their attendance, including a reasonable counsel fee, the amount so paid to be a taxable cost in the event that plaintiff recovers the costs of the action. See Rule 4 of the Civil Rules of this Court. Since the two Forestal defendants have common representation they will be represented by one counsel both in England and in Argentina. The interests of Protan in Argentina may be quite different from those of the Forestal defendants and Protan will be allowed separate counsel there. There is nothing to indicate that the interests of Protan will be involved in the depositions to be taken in England. Protan may attend the English examinations by counsel but I will not require that the plaintiff bear the expense of Protan's counsel on the examinations there.

Since the examinations abroad have been strictly limited to questions bearing on jurisdiction it does not seem necessary to require plaintiff to pay the expenses of counsel representing the American defendants on such examinations. Of course, the American defendants may be represented at their own expense if they so desire.

Counsel for the moving defendants and the plaintiff will endeavor to agree upon a fair and reasonable sum to be paid in advance for expenses of counsel and counsel fees upon the foreign depositions. If they are unable to agree they may submit to the court their respective views as to what reasonable expenses and counsel fees should be and the court will fix the amounts to be paid.

In order to afford the parties ample time to prepare the papers necessary to carry out this decision and to reach agreement on the question of counsel fees and expenses, such orders as are appropriate will be settled on 20 days' notice.