GENERAL INDUSTRIES COMPANY, Elyria, Ohio, an Ohio Corporation, Plaintiff,

v.

BIRMINGHAM SOUND REPRODUC-ERS, LTD., Staffs, England, a British Corporation, Discus International Ltd., a Bermuda Corporation, B.S.R. Ltd., College Point, New York, a New York Corporation, Discus (U.S.A.) Inc., College Point, New York, a New York Corporation, and the Discus Corporation, College Point, New York, a New York Corporation, Defendants.

Civ. No. 60C 867.

United States District Court E. D. New York.

Feb. 1, 1961.

Darby & Darby, New York City, Howard C. Miskin, New York City, J. Helen Slough, Cleveland, Ohio, of counsel, for plaintiff.

Cooper, Dunham, Dearborn & Henninger, New York City, John N. Cooper, New York City, of counsel, for defendant.

ZAVATT, District Judge.

This is a civil action for infringement of United States letters patent against five corporate defendants, two of which, Birmingham Sound Reproducers, Ltd. ("Birmingham"), and Discus International Ltd. ("International"), are foreign corporations, a British and a Bermuda corporation, respectively. In the complaint the plaintiff alleges that, although Birmingham is an English corporation with its principal place of business in England, it has been doing business in the State of New York and in the Eastern District of New York; that prior to the recent dissolution of The Discus Corporation, one of the domestic defendants, Birmingham did business both in the State of New York and in the Eastern District of New York under the name of that corporation; that it has been doing and is now doing business in the State of New York and in the Eastern District of New York under the name of Discus (U.S.A.) Inc., another domestic defendant, the name of which corporation has been changed to that of the B. S.R. Ltd., the third domestic defendant; that Birmingham is the alter ego or parent corporation of B.S.R. Ltd., a New York corporation, and is also the parent corporation of International, the Bermuda corporation. The plaintiff further alleges that International is the holder of record of all of the outstanding shares of Discus (U.S.A.) Inc., now by change of name known as B.S.R. Ltd.; that B. S.R. Ltd., is a wholly owned subsidiary

of Birmingham and the sole and exclusive United States selling agent for Birmingham and has imported from Birmingham and sold within the United States and within the Eastern District of New York the products of Birmingham; that all of the defendants have a regular and established place of business at 115–10 14th Road, College Point, New York, within the Eastern District of New York and have committed the acts of infringement complained of at that address and elsewhere within the Eastern District of New York. The return of the Marshal certifies that the summons and complaint was served upon Birmingham and International on October 11, 1960 by leaving copies thereof with a Mr. Wise, described in the return as being a director of each of these two corporations.

These two foreign corporations have noticed a motion for an order dismissing the action and quashing the summons upon the ground that they are residents of Britain and Bermuda, respectively; are without the jurisdiction of this Court and that each of them has not been properly served with process in the action. In the alternative, each of the foreign corporate defendants moves that the action be dismissed as against it on the ground that venue is not properly laid in the United States District Court for the Eastern District of New York. This matter originally returnable November 16, 1960, has been adjourned to February 1, 1961. At the time of this writing these motions have not been heard.

The plaintiff has propounded interrogatories to all of the defendants dated December 9, 1960 all of which are directed to the inter-relationship of the several defendants and would appear to be relevant to the questions: does this court have jurisdiction over the two foreign corporations; is venue properly laid in this court. The plaintiff has also propounded eight interrogatories dated January 19, 1961 some of which may be germane to these questions. Answers to the first set of interrogatories (dated December 9, 1960) have been served and filed by the three domestic corporations, but they have not been answered by the two foreign corporations and the file in this case would indicate that the interrogatories dated January 19, 1961 have not been answered by any of the defendants.

There are four motions now before me: (1) a motion by the two foreign corporate defendants, pursuant to Rule 33 of the Rules of Civil Procedure, 28 U.S.C.A., to sustain their objections to all of the interrogatories upon the ground that they are not parties; (2) a motion by the plaintiff, pursuant to Rule 37 of the Rules of Civil Procedure, to compel the defendants to answer the plaintiff's interrogatories dated December 9, 1960; (3) a motion by the plaintiff for an order pursuant to Rule 34 of the Rules of Civil Procedure, to require the corporate defendants to produce and to permit the plaintiff to inspect and copy certain documents; (4) a motion by the plaintiff to stay the hearing on the defendants' motion to quash, returnable February 1, 1961, until the plaintiff has received answers to the interrogatories dated December 9, 1960, and has had an opportunity to inspect and copy the documents designated in its motion for discovery and inspection. The defendants do not question the fact that the plaintiff has shown good cause and has sufficiently designated the documents as to which it desires inspection and copying. In fact the defendants conceded on oral argument that the disposition of this motion addressed to inspection of documents would be governed by the fate of their motion objecting to the interrogatories. We turn therefore to that motion and the defendants' grounds in support thereof.

The defendants' grounds are decidedly narrow. They do not question the right of plaintiff to propound interrogatories directed toward obtaining information that may be necessary to sustain either jurisdiction or venue; they do not question the power of this court to order answers to these "jurisdictional" interrog-

atories;[1] nor do the defendants question the scope of the interrogatories nor even do they now cry harassment because two sets of interrogatories have been propounded. The only ground relied upon by the defendants is that these interrogatories were propounded pursuant to Rule 33 which is entitled "Interrogatories to Parties." They argue that their motion to quash service of process has raised the issue of whether they are properly parties in this action and so long as that issue is unresolved the plaintiff may not anticipate the result, or beg the question, by resorting to Rule 33. They suggest that the plaintiff proceed pursuant to Rule 31 which provides the ground rules for taking deposition by interrogatories of "any person", a concept concededly broader than "adverse party" of Rule 33. The defendants, perhaps anxious to avoid any charge of hairsplitting, point to a difference in procedure between these two rules: under Rule 31 the adverse party is given the opportunity to propound cross-interrogatories while no such provision is provided when interrogatories are propounded to parties pursuant to Rule 33. But there is nothing strange about this difference: the party being interrogated does not need to serve cross-interrogatories upon itself to develop the truth. As a litigant it has the ear of the court at all times. Indeed, the defendants on their motion to quash service have submitted a ten page affidavit of their Mr. Wise, an ubiquitous director, purporting to show that in personam jurisdiction has not been perfected.

Defendants have cited two cases that support their contention. These cases have not been followed by later decisions in their own district and have been disapproved by several learned authorities and texts. See 4 Moore, Federal Practice 2302–03 (2d ed. 1950); 2 Barron & Holtzoff, Federal Practice and Procedure § 774 (1950); 7 Cyclopedia of Federal Procedure 431 (3d ed. 1951). On the broader ground there has also been a recent decision by Judge Bryan of the Southern District of New York, not cited by any of the parties, allowing oral depositions to discover jurisdictional facts. River Plate Corp. v. Forestal Land Co., D.C.S.D.N.Y.1960, 185 F.Supp. 832. Judge Bryan cites pertinent authority including a recent opinion of the Court of Appeals of this circuit, Monteiro v. Sociedad Mar San Nicolas, S.A., 2d Cir., 1958, 254 F.2d 514, which stands for the proposition that courts must allow litigants reasonable opportunity to prove that the court has jurisdiction over the cause.

On the basis of the foregoing authorities and reasoning I hold that the interrogatories have been properly propounded and I direct the defendants to answer them. The next question is what to do about defendants' pending motion to dismiss for want of jurisdiction. Inasmuch as the answers to the interrogatories may have profound bearing on the merits of the jurisdictional question that this motion raises, it seems clearly desirable to hold the motion in abeyance until the interrogatories are answered and the plaintiff has otherwise completed its "jurisdictional discovery." See River Plate Corp. v. Forestal Land Co., supra. Defendants may thereupon restore their motion on ten days' notice.

Defendants' motion is denied; plaintiff's motions are granted. Settle an order consistent with this opinion within ten days of the date hereof.

1. It stands to reason that if a court has jurisdiction to determine its jurisdiction it also has the necessary process to insure a determination based upon meaningful data. Cf. United States v. United Mine Workers, 1947, 330 U.S. 258, 67 S. Ct. 677, 694–695, 91 L.Ed. 884.