**TECHNOGRAPH, INC., Plaintiff,**

v.

**TEXAS INSTRUMENTS INCORPORATED, Defendant.**

No. 67 Civ. 3166.

United States District Court
S. D. New York.

Dec. 29, 1967.

to stay all discovery until disposition of defendant's pending motion for an order transferring this action, on grounds of convenience, to the Northern District of Texas, except for discovery as to matters specifically related to the motion for transfer.

### I. *Defendant's Cross-Motion*

Defendant's cross-motion is denied. In support of its argument that discovery should be deferred, defendant cites various cases postponing discovery pending determination of such defenses as lack of jurisdiction and improper venue. See River Plate Corp. v. Forestal Land, Timber & Ry. Co., 185 F.Supp. 832 (S.D.N.Y.1960); Deep South Oil Co. of Texas v. Metropolitan Life Ins. Co., 21 F.R.D. 340 (S.D.N.Y.1958); and Blair Holdings Corp. v. Rubinstein, 159 F. Supp. 14 (S.D.N.Y.1954). See also 4 Moore's Federal Practice 1104–1105 (2d ed.1966). However, unlike the present case, such motions might have terminated the actions, or at least created uncertainty as to whether the action would go forward. See C. A. Wright, Discovery, 35 F.R.D. 39, 60 (1964). Here, in contrast, the action will continue and defendant's motion to transfer is concerned solely with the question of which court will determine the merits.

Since this Court is applying the same Federal Rules as would be applied by the United States District Court in Texas, the prospect that the case may be transferred to Texas does not support the suggestion that the defendant might be prejudiced by this Court's disposition of the pending discovery motions at this time rather than by deferment for possible transfer. In the absence of an assurance that the case will be transferred, plaintiff is entitled now to a decision of the discovery issues raised. Nor does the fact that if the case is transferred to Texas the defendant (which itself seeks the transfer) will retain different counsel provide a basis for denial or deferment. Defendant's counsel have demonstrated adequate competence and familiarity to

Leventritt, Bush, Lewittes & Bender, New York City, for plaintiff.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant.

MANSFIELD, District Judge.

Plaintiff has moved (1) pursuant to Rule 37, F.R.Civ.P., for an order compelling defendant's patent litigation counsel, Samuel M. Mims, Jr., to answer certain questions which he refused to answer upon the taking of his deposition by plaintiff, and (2) pursuant to Rule 34, F.R.Civ.P., for inspection and copying of certain documents. Defendant cross-moves, pursuant to Rule 30(b) and (d),

handle responses to discovery, and even if such discovery were postponed, new counsel would face the necessity of an extensive initial review. In the meantime plaintiff should not be prejudiced by delay in the prosecution of its action.

■ In the absence of any showing that the issues of liability and damages will be the subject of separate non-jury trials, defendant's argument that discovery as to damages should be postponed must be rejected. In general, discovery before trial as to damages is proper, Sinclair Ref. Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449 (1933). Postponement is permitted in certain patent, trademark and copyright infringement cases for the reason that there the issue of damages is frequently referred to a master after liability has been established. Even in infringement cases, however, pretrial discovery as to damages is usually allowed. See 4 Moore's Federal Practice 1228–1233 (2d ed.1966). In the instant case, although patents are involved, the action is for breach of contract and there is no indication that the issues of liability and damages will be tried separately.

## II. *Plaintiff's Rule 37 Motion*

■ Plaintiff's motion to compel defendant's patent litigation counsel, Samuel M. Mims, Jr., to answer certain questions which he refused to answer upon the taking of his deposition by plaintiff is granted. The fact that a question at pp. 23–24 of the Mims transcript calls for a conclusion and that Mims lacks the personal knowledge necessary to answer it is not sufficient to preclude plaintiff from making any inquiry that is reasonably calculated to lead to the discovery of admissible evidence, even though the immediate response to the question may not itself be admissible at trial. Rule 26(b).

■ Defendant also objects that questions at pp. 61–69, 75–77, and 108–109 of the transcript of Mims' deposition concerning his knowledge of the damages in this action call for an attorney's conclu-

sion as to possible damages, an objection disposed of above, and also that these questions call for the "work-product" of an attorney. See Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). In the absence of a showing by defendant that the information was acquired in contemplation of litigation, which would require proof (by affidavit or Mims' own testimony) as to when litigation was contemplated and that the information was thereafter obtained by him for the litigation, defendant's objection based on the "work-product" principle must be overruled without prejudice to renewal on a proper showing.

## III. *Plaintiff's Rule 34 Motion*

Plaintiff moves for production of (a) 134 documents listed in Exhibit 2 for identification, transcript of Mims' deposition; (b) the unidentified remainder of Mims' file relating to matters in issue in this litigation; and (c) representative samples of accounting records showing defendant's material, labor and overhead costs of printed circuit boards utilizing the processes under a particular patent.

Of the 134 numbered documents, plaintiff has withdrawn its request for production of 40 (Nos. 2–7, 14, 15, 24, 25, 27, 28, 33, 45, 52, 53, 57, 58, 63, 67, 76, 78, 79, 82, 86–89, 112–117, 119–121, 127, 128) and one (No. 16) has apparently been inadvertently overlooked by both parties.

■ Defendant does not claim any privilege for 45 documents (Nos. 9–13, 17, 19–23, 26, 29–32, 34–44, 46, 48–51, 56, 59–62, 64–66, 68, 70–72, 101), but argues that plaintiff has not made a sufficient showing of good cause as required by Rule 34. However, defendant does not dispute that the documents are relevant and in its exclusive possession. While the Supreme Court in Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), has held that the requirement of "good cause" means something more than mere relevancy.

"in the case of business records, [the] two-factor test, relevancy plus need, often resolves itself into a question of simple relevancy, for the exclusive possession of the information * * * is so plain as to make the requirement of a showing a little more than a requirement of a recitation." 4 Moore's Federal Practice 2479–2482 (2d ed.1966). And see Guilford Nat'l Bank of Greensboro v. Southern Ry., 297 F.2d 921, 925 (4th Cir. 1962).

Given the admitted relevancy of these business records and their exclusive possession by defendant, plaintiff has made a sufficient showing of good cause. Zenith Radio Corp. v. Radio Corp. of Am., 121 F.Supp. 792 (D.Del.1954).

Defendant objects to production of the remaining 48 documents on grounds of attorney-client and/or work-product privilege, and has submitted copies of the documents to the Court for *in camera* examination. The extent to which documents in the files of a corporation's patent department are privileged from discovery has been treated thoroughly in several learned opinions. American Cyanamid Co. v. Hercules Powder Co., 211 F.Supp. 85 (D.Del.1962); City of Philadelphia v. Westinghouse Elec. Corp., 210 F.Supp. 483 (E.D.Pa.1962); Georgia-Pac. Plywood Co. v. United States Plywood Corp., 18 F.R.D. 463 (S.D.N.Y. 1956); Zenith Radio Corp. v. Radio Corp. of Am., supra; and United States v. United Shoe Mach. Corp., 89 F.Supp. 357 (D.Mass.1950).

In the light of the principles discussed in these opinions, the Court has reviewed each of the documents and determined that the following may be withheld from production as privileged:

Nos. 8, 18, 47 (1st page), 77 (pp. 1–4, 6, 7, 9–11), 80, 90 (last sentence in first paragraph), 91 (last two sentences), 92, 93 (last sentence of first paragraph), 94 (from heading "Recommendations" to end), 95, 96 (last paragraph on p. 3, including indented material), 97, 98, 107 (first sentence), 109 (first two sentences on p. 3), 111, 118, 125, 133.

The remainder shall be produced as follows:

Nos. 1, 47 (except first page), 54, 69, 73–75, 77 (pp. 5, 8, 12), 81, 83–85, 90 (except last sentence in first paragraph), 91 (except last two sentences), 93 (except last sentence of first paragraph), 94 (except from heading "Recommendations" to end), 96 (except last paragraph on p. 3, including indented material), 99, 100, 102–106, 107 (except first sentence), 108, 109 (except first two sentences on p. 3), 110, 122–124, 126, 129–132, 134.

As for plaintiff's demand for the unidentified remainder of Mims' file relating to this litigation, except for communications with defendant's outside counsel Davis, Polk, Wardwell, Sunderland & Kiendl, there is no basis for the Court to determine whether or not this unidentified material is privileged, and the issue will be resolved by submission to the Court *in camera,* for ruling, any of the remaining documents in Mims' file claimed to contain privileged matter.

█ Defendant opposes production of representative samples of its accounting records with respect to material, labor and overhead costs on the ground that it would be unduly burdensome, in support of which it offers merely a general statement to the effect that such records have not been maintained since 1964 and production would require a "detailed examination and reconstruction" of the books and records. Since the showing of burdensomeness is insufficient, defendant is directed to produce such representative samples for inspection and copying, without prejudice to its renewing its motion on the basis of a more adequate showing that such production would be unduly oppressive.

Plaintiff's motion is granted to the extent indicated herein. Defendant's motion is denied.

So ordered.