**In re Emil Paul KLEIN, Debtor.**

**Joseph MELOHN, d/b/a Marjo Enterprises, Plaintiff,**

v.

**Emil Paul KLEIN, Defendant.**

**Bankruptcy No. 882–81032–18.
Adv. No. 883–0066–18.**

United States Bankruptcy Court,
E.D. New York.

June 15, 1983.

Fensterheim & Fensterheim, New York City, for plaintiff.

Holland & Zinker, Smithtown, N.Y., for defendant.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

Plaintiff, Joseph Melohn, commenced an adversary proceeding against the debtor, Emil Paul Klein, objecting to discharge and dischargeability of indebtedness pursuant to sections 727(a)(2), (3), (4) and 523(a)(2) of the Bankruptcy Code. Incident thereto, plaintiff served upon the debtor a notice to produce certain financial documents and records. The debtor now moves for a protective order together with ancillary relief.

## FACTS

On or about February 18, 1979, the plaintiff obtained judgment on a loan against the debtor in the amount of $124,337. Thereafter, on April 22, 1982 the debtor filed a petition under Chapter 13 of the Bankruptcy Code. The petition was duly converted to Chapter 7 on August 2, 1982.

The plaintiff commenced an adversary proceeding objecting to discharge and dischargeability predicated upon five separate legal theories: (1) the debtor obtained credit by means of false pretenses; (2) the debtor, with intent to deceive, supplied plaintiff with a materially false financial statement, which was reasonably relied upon by plaintiff in extending credit; (3) the debtor has concealed assets within twelve months of the filing of his petition; (4) the debtor has failed to keep proper and adequate business records; and (5) the debtor has made false oaths in connection with his bankruptcy proceedings. After commencing the adversary proceeding, plaintiff served upon the debtor a notice to produce 29 sets of financial documents and records. The debtor, alleging that plaintiff is using discovery for purposes of harassment and delay, moved by notice of motion dated March 15, 1983 for a protective order together with costs of the motion.

## DISCUSSION

It should be noted at the outset that the debtor has not objected to discovery of the documents designated in paragraphs 2, 26 and 29 of the notice to produce. The debtor has refused, however, to produce these documents until the plaintiff serves a "proper" notice to produce. As to the remaining documents, the debtor objects on the grounds of (1) relevancy; and (2) excessiveness of the burden of production.

With respect to the latter objection, documents relevant to the preparation of a party's case should be produced, even if production poses a hardship or inconvenience upon the party from whom discovery is sought. *Hanover Shoe, Inc. v. United Shoe Mfg. Corp.,* 207 F.Supp. 407, 409 (M.D. Pa.1962). Although protective orders may issue when the burden of production presents a severe hardship, no such showing has been made in the present case. *See Technograph, Inc. v. Texas Instruments, Inc.,* 43 F.R.D. 416 (S.D.N.Y.1967).

The documents in question date from 1975 to 1982, and include financial records of the debtor, his family members and various corporations in which he has an interest. The debtor objects to production of the documents pertaining to family members on the ground of relevancy. However, since the defendant has previously testified that he is supported by his wife and in-laws, Tr. 4/11/83, at 5–6, this objection has vapid merit. Plaintiff is therefore

entitled to production of the documents designated in paragraphs 4, 5, 11 and 12 of the notice to produce.

 The debtor objects to production of most of the remaining documents on the ground that the time frame covered is overly broad and therefore includes irrelevant material. Although plaintiff's objection under 11 U.S.C. § 727(a)(2)(A) relates to transfer or concealment of property within one year prior to the filing of the bankruptcy petition, the inquiry into a debtor's disposition of his assets is not restricted to the one year period. Assets transferred as much as twelve years prior to the filing of the petition have been found to have been the objects of continuing concealments within the letter of section 727(a)(2)(A), thereby preventing discharge. *In re May,* 12 B.R. 618, 627–28 (N.D.Fla.1980) (citing *Green v. Toy,* 171 F.2d 979 (1st Cir.1949); *Duggins v. Heffron,* 128 F.2d 546 (9th Cir. 1942)).

In the instant case, plaintiff's claim is in part based on the alleged false financial statements submitted to him by the debtor on August 21, 1975, and on the alleged false statements made in connection with these bankruptcy proceedings. It therefore appears that the documents requested by plaintiff, which date back to 1975, are relevant in that (1) they relate to the financial condition of the debtor at or about the time the financial statements were tendered and (2) they bear on the truth and veracity of the debtor's statements made in connection with the bankruptcy proceedings. Thus, the debtor must make a complete disclosure of his financial condition by producing the appropriate records. *See Matter of Russo,* 3 B.R. 28 (Bkrtcy.E.D.N.Y.1980). In this regard, it is noteworthy that debtor's successor counsel has conceded in open court that the plaintiff would appear to be entitled to discovery of the documents sought. Tr. 4/27/83, at 5.

Although the Bankruptcy Code is to be interpreted liberally, with an eye toward giving the debtor a fresh start, the debtor must bear a heavy burden of financial disclosure in order to invoke the beneficent spirit of the Code. *Matter of Russo, supra.* In view of the foregoing findings, the debtor's motion is in all respects denied.

Settle Order.