PHILAN INSURANCE LTD., and Benodet Insurance Ltd., Plaintiffs,

v.

FRANK B. HALL & CO., INC., Frank B. Hall Re of New York, Inc., Frank B. Hall Re International, Inc., Frank B. Hall Re De Mexico, S.A., Rollins Burdick Hunter Co., Rollins Burdick Hunter of Bermuda, Ltd., Keough–Kirby Associates, Inc., Keough Kirby Re Ltd., Fielding Juggins Money & Stewart Ltd., trading as Fielding and Partners, PWS Marine Limited, Leonard Smith, Stephen Maloney, and Monroe Birnberg, Defendants.

No. 87 Civ. 4624 (RPP).

United States District Court, S.D. New York.

July 18, 1991.

Ohrenstein & Brown by Peter J. Biging, New York City, for plaintiffs.

Paul, Weiss, Rifkind, Wharton & Garrison by Jan Kleeman, New York City, for defendants Frank B. Hall & Co., Inc., Frank B. Hall Re of New York, Inc., Frank B. Hall Re Inter., Inc., Frank B. Hall Re De Mexico, S.A.

Palmeri, Gaven & Soberman by Daniel F. Gaven, New York City, for defendants Keough–Kirby Associates, Inc. and Keough Kirby Re Ltd.

Kroll & Tract by Mark S. Fragner, New York City, for defendants Fielding and Partners (Fielding Juggins Money & Stewart, Ltd.) and PWS Marine Ltd.

Chadbourne & Parke by Charles K. O'Neill, New York City, for RBH Bermuda.

OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

█ Plaintiffs have moved for an order pursuant to Rule 28(b) of the Federal Rules of Civil Procedure directing that letters rogatory be issued to take document discovery and testimony of twelve individuals

who are in large part employees of former defendants in this action.

Defendant Leonard Smith does not contest the relevancy of the discovery request, but suggests delay until after the discovery in this country proceeded further on the grounds that such delay could result in a need for less discovery abroad. The Court, although concerned about needless discovery costs, is reluctant to impose a limitation on plaintiffs' choice of the manner in which it proceeds with discovery. Accordingly, the Court will order that letters rogatory will issue, subject to the changes agreed upon in correspondence and in Court by plaintiffs' counsel, defendants' counsel and counsel for the former defendants.

Counsel for defendants also request that, pursuant to Local Rule 15 of the Civil Rules of the United States District Court for the Southern District of New York, the Court order plaintiffs to pay the expense of the attendance, including a reasonable counsel fee of one attorney, for each advisory party. *See Duttle v. Bandler & Kass,* No. 82 Civ. 5084, 1990 WL 52147 (S.D.N.Y. April 17, 1990); *Republic of Senegal v. Brown Bros. Harriman & Co.,* No. 88 Civ. 3154, 1989 WL 97897 (S.D.N.Y. Aug. 10, 1989); *River Plate Corp. v. Forestal Land Timber and Ry. Co., Ltd.,* 185 F.Supp. 832, 838 (S.D.N.Y.1960).

The plaintiffs here are corporations who will not undergo undue hardship if Local Rule 15 is invoked, and the length of depositions will not be unnecessarily lengthened if plaintiffs bear some of defendants' expenses during the conducting of foreign discovery. Accordingly, the Court orders that plaintiffs (i) advance each defendant's counsel the round trip cost of air travel (coach fare) to each city in which depositions are scheduled to take place; (ii) pay for each defendant's counsel hotel accommodations up to a maximum of $200 per day; (iii) pay for the time (hour and minutes) for the attendance of each defendant's counsel at such depositions at the rate of $200 per hour, unless the rate charged a defendant for the services of the attorney attending the depositions is less, in which case the lesser rate shall be charged.

Counsel for the former defendants have requested a protective order limiting the use of the discovery obtained pursuant to the letters rogatory in other litigation brought by plaintiffs or their affiliates, pointing out that counsel for the co-defendants will not be present and will not have an opportunity to cross-examine the witnesses of other former defendants. The plaintiffs have agreed to the issuance of such a protective order provided that it is limited to the period in which a motion to dismiss is pending in the state court action which plaintiffs have initiated against the defendants and co-defendants, other than Rollins Burdick Hunter Co. In view of this position of plaintiffs, the Court orders that

1. Plaintiffs and defendants shall not use the documents and deposition discovery requested by the plaintiffs' motion for an order directing letters rogatory be issued for any purpose other than the preparation and conduct of this litigation.

2. Attendance at the deposition shall be limited to the examiner, reporter, witness, counsel for plaintiffs, counsel for defendants and counsel for the witness or the witness' employer.

3. The transcripts of the depositions, including all exhibits thereto, shall be maintained by the parties under seal, and maintained in confidence by counsel for the parties, except that counsel shall be permitted to disclose the depositions and exhibits and documents to such representatives of the parties as are reasonably necessary for the preparation or conduct of the litigation, in which case such representatives of the parties shall agree in writing to be bound by the terms of this order.

4. This order shall continue during the pendency of this litigation, subject to the right of plaintiffs' counsel to apply to the Court for *de novo* review of the necessity for such an order once the former defendants' motion to dismiss the state court action is no longer pending.

IT IS SO ORDERED.